## GEORGIE SHANNNON, Respondent, v. OLLIE SHANNON, Appellant.

**Kansas City Court of Appeals, December 1, 1902.**

1. **Divorce:** MAINTENANCE OF CHILDREN: LIABILITY OF FATHER. Where a decree of divorce is silent as to the custody of children and the father leaves them to the care and nurture of his former wife, his liability for their support and education remains just as before the divorce. (Cases reviewed.)

2. ——: ——: ——: ACTION. Where after divorce the father abandons his minor children to the care and maintenance of the mother she can compel him to relieve her of such burden, and although the proceeding is in the interest of the children, yet the primary cause of action is in the mother.

3. **Parents and Children:** LIABILITY OF PARENTS: RIGHTS OF CHILDREN. Children are not parties to the quarrels of their parents, and they lose no rights thereby.

4. **Divorce:** MAINTENANCE OF CHILDREN: LIABILITY OF FATHER: SUPPLEMENTAL PROCEEDING. Where parents have been divorced the wife may, after birth of an infant, by a supplemental bill open up the decree as to such after-born child, and the court may make all suitable orders for its care, custody and maintenance.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*W. J. Courtney* and *F. B. Ellis* for appellant.

(1) Suits by infants can only be commenced by guardian and curator of such infant, or by next friend, appointed for him in such suits. Sec. 550, R. S. 1899; R. S. 1899, sec. 555. (2) A separate action for maintenance of minor children, subsequent to a decree of divorce, can not be maintained. Hickman v. Hickman, Ohio, 9 Weekly Law Bul. 55; Harris v. Harris, 5 Kan. 46; Hampton v. Allen, 56 Kan. 46; Rumsey v. Rumsey, 121 Ind. 215. (3) It is the duty of the father to sup-

port his children; this duty is paramount. But where they are divorced, and subsequently a child is born, it is then as much the duty of the mother to support such child as the father; the father's duty in such case is not exclusive.   Harris v. Harris, 5 Kan. 46.   (4)   Where the care and custody of the child is with the mother, the father is not liable for money outlayed by the mother for its support, notwithstanding the father is primarily liable for the support of his minor child.   Chester v. Chester, 17 Mo. App. 657.   (5)   Where the mother has the care and custody of the child, the father can not be compelled to support it, where there is a decree divorcing the father and mother,   The father must have the care and custody of the child.   Finch v. Finch, 22 Conn. 411; Husband v. Husband, 67 Ind. 583; Corhman v. Hasler, 82 Iowa 295; Brow v. Brightman, 136 Mass. 187.   (6)   Alimony, under our statutes, can only be decreed to the successful party in a divorce suit.   McIntire v. McIntire, 80 Mo. 470.

*Sandusky & Sandusky* and *A. A. Whitsitt* for respondent.

(1)   The father is by statute primarily the guardian of his children, and is charged with the care of their person, education and support.   R. S. 1899, sec. 3478. (2)   He is also under the same obligation by common law. 2 Kent. Com., side p. 190; R. S. 1899, sec. 2926; R. S. 1899, sec. 2932.   (3)   The children are not parties to the quarrels of their parents and they lose no rights thereby, hence, the father's duty to maintain them remains after divorce as before.   2 Bishop M., D. and S., sec. 552.   This court has held this to be true regardless of who has the custody of their children.   Chester v. Chester, 17 Mo. App. 657; Lusk v. Lusk, 28 Mo. 91. (4)   Where nothing is said in the decree of divorce as to maintenance, the duty of supporting the child is still on the father, though the care and custody of the child be in the mother.   Keller v. St. Louis, 151 Mo. 597; Lusk v. Lusk, 28 Mo. 91; Conn v. Conn, 57 Ind. 323;

McCarthy v. Hinman, 35 Conn. 538; Milford v. Milford, L. R. 1 P. & D. 715; 2 Bishop M., D. & S., sec. 552; In re Kohl, 82 Mo. App. 442; State ex rel. v. Court of Appeals, 99 Mo. 216, and cases cited. (5) A decree of divorce would necessarily affect the welfare of the child, and it is the duty of the court to protect it, and hence it is that the court can make a proper order concerning its future custody though the petition contains no prayer to that end. In re Gladys Morgan, 117 Mo. 249; 10 N. J. Eq. 261. (6) In an action for divorce, the court may, during the pendency of the action, or at the final hearing, or afterwards, make such order for the support of the wife, maintenance and education of the children of the marriage, as may be just, and may at any time thereafter annul, vary or modify such order as the interest and welfare of the children may require. Chester v. Chester, 17 Mo. App. 660; Wilson v. Wilson, 45 Cal. 403; Angus v. McKay, 40 L. R. A. 585; 2 Bishop M. and D., sec. 1220; Courtright v. Courtright, 40 Mich. 633; In re Tillery, 40 L. R. A. 579. (7) When the decree gave custody of infant to the mother, held that this did not relieve father from support; that he was bound to maintain them as long as they were too young to earn their own livelihood; and a court of chancery will at subsequent term, entertain the petition of the mother to recover her reasonable advances, and for an order for future support. Finch v. Finch, 22 Conn. 428; Holt v. Holt, 42 Ark. 495; Slanton v. Wilson, 3 Day (27 Am. Dec. 255). (8) Where no provision is made for the children at the time the decree of divorce is entered, the mother may at a subsequent term, on petition or motion, obtain an order of the court compelling the father to provide her with means for the future support of the children. Meyers v. Meyers, 91 Mo. App. 151.

BROADDUS, J.—The facts of this case were that plaintiff and defendant were husband and wife prior to the twelfth day of April, 1900, at which time they disagreed and separated; that afterwards the defendant

herein brought suit in the Clay Circuit Court for divorce, resulting in a decree in his favor divorcing him from his wife; and that soon thereafter—August 9, 1901,—there was born of said marriage a male child; that the divorce was granted on.the statutory ground that the wife had been guilty of indignities to the husband; that she did not appear at the trial, the same being ex parte; that as the child was not then born there was no order in the decree of divorce providing for its custody and maintenance; that the respondent, as well as her parents with whom she has resided since the separation, are without sufficient means to maintain and educate the infant, and the appellant herein has contributed nothing for that purpose; and that said appellant is a young man of good business capacity and has a moderate estate in money and other property.

Before the trial the appellant demurred to the petition for various causes, among which were: that the court had no jurisdiction of the defendant or the subject-matter of the action; that the plaintiff had no legal capacity to sue; that the rights of the parties had been adjudicated in said divorce proceedings; and that there was a defect of parties plaintiff. The court overruled this demurrer and after hearing the evidence decreed that defendant pay to plaintiff thirty dollars in advance every three months and awarded the care and custody of the child to the mother.

The same questions are raised on the appeal as were raised on said demurrer. In Rankin v. Rankin, 83 Mo. App. 335, it was held: "Where the defendant obtained a divorce from the plaintiff under a decree making no award of the custody of the children, and which left them to the care and nurture of the former wife, his liability for their support and education remained just as it had existed before the obtention of the decree." That case is similar on the facts with the one under consideration here in this; that the defendant in a former suit had obtained a decree of divorce against his wife in which there was no award of the care and

custody of two of their children; the judgment was rendered in the State of Texas, where the husband had moved, and while the wife and children were in Missouri where he had left them. In Meyers v. Meyers, 91 Mo. App. 151, it was held: "Where the statute authorized the court awarding the custody of minor children in a divorce to the mother, to make provision in the decree for their maintenance and to change it from time to time, and no such provision is made at the time the decree is entered, the mother may at a subsequent term, on petition, obtain an order of the court compelling the father to provide her with means for its future support." See, also, In re Kohl, 82 Mo. App. 442.

The cases cited, we think, are sufficient authority justifying the proceedings in this case in the name of the mother for the support of the minor, and the right and duty of the court rendering the original decree of divorce, and any other court of competent jurisdiction to make, at a subsequent term or terms, a proper order for the support of the minor. And as the father has abandoned the minor to the care and custody of its mother, and has also imposed upon her the burden of its maintenance as well, which the law imposed upon the father, we can see no good reason why she can not, with the aid of the court, compel him to relieve her of such burden. It is true, in a sense, that the proceeding is in the interest of the infant, but only so indirectly; primarily and directly, the cause of action is in the mother. And as her petition to the court is in her interest, to compel the father, while she is maintaining, caring for and nurturing the child, to perform his share of such duty, a duty not only imposed by the common law, but by the universal custom of all civilized society, good conscience demands that she should be heard. The child was not a party to the quarrels of its father and mother and the decree of divorce did not affect his right to maintenance at the hands of his father. Bishop on Marriage and Divorce, section 552, states the rule: "The children are no parties to the quarrels of the parents, they lose no right thereby." See, also, Chester v.

Chester, 17 Mo. App. 657. And a divorce does not terminate the father's liability to support his child. Bishop on M. and D., section 1220. It would be a strange rule of law that would absolve the father from such liability when the decree of divorce was silent upon the matter.

The appellant has cited us to two Kansas decisions in support of his contention that the plaintiff is not entitled to the relief asked for. In Harris v. Harris, 5 Kan. 46, the husband and wife were divorced by a Kansas court, at which time they had three children, the custody of which was awarded to the mother. Two days after the decree a fourth child was born. The wife brought an action of debt against the father for the entire support and education of all the children. The court held that she could not maintain the action; and that the only way for relief was by opening the decree as to the children and making such provision for them as might be just under all the circumstances, or by other proper proceedings under or supplemental to the decree. It was also held, as between the father and mother, the duty of maintaining the children was as much that of the mother as the father; but this distinction from the common law was made by reason of a constitutional provision of the State for the equal rights of the wife as of the husband in the possession of their children. With this exception we think the ruling is in harmony with decisions of this State, for it recognizes the right of the wife to compel the husband to contribute to the support of his children "by opening up the decree as to the children or by other proper proceedings under or supplemental to the original bill," which is equivalent to the proceedings in this case. In Hampton v. Allee, 46 Kans. 461, the wife predicated her right to recover for maintenance of the children on a decree of divorce. The action was also for debt. The court held, as there was no liability imposed by the decree, plaintiff was not entitled to recover; or, in other words, she could not recover in that form of action.

In Husband v. Husband, 67 Ind. 583, the court held:

"The awarding to the mother of the custody of her minor children, on decree granting her a divorce from the father, deprives him of all right to the services of the child, and consequently frees him from all liability to the mother for the care, support and maintenance of the child." This decision was the result of a construction of the statute of that State to the effect that, the court in decreeing a divorce shall make provision for the guardianship, custody and support and education of the minor children of such marriage. Our statute regulating divorce is somewhat different in that it provides that the court may, from time to time, after the original decree, on the application of either party, alter the same as to the allowance of alimony and maintenance. Sec. 2926, R. S. 1899.

In Cushman v. Hassler, 82 Iowa 295, the facts were that the child's parents had been divorced and its care and custody awarded to the father. The child, without cause and without the consent of the father, left him and went to live with his mother. The mother sought to charge the father with the support of the child. The court held that the father was not liable.

In Brow v. Brightman, 136 Mass. 187, it was held that the father is not liable for the support of his minor child under the statute of the State after its custody had been given to the mother by a decree of court. It was further held that under the laws of that commonwealth the defendant, "if of sufficient ability, was under obligation to provide for and support his infant child." And it was also held that, "the remedy to secure such provision for the support of the child as the defendant might have the ability to furnish, was under a decree of this court, which it had ample authority to make, in either of the proceedings before it, as a part of the original decree, *or at any subsequent term*" (italics ours).

In Finch v. Finch, 22 Conn. 411, the court held that where the decree of divorce granted on the application of the wife awarded to her the custody and control of the minor children of the husband and wife, she was not entitled to recover against the father "in action of

book debt for the entire support and education of such children, furnished by her after such decree had been granted.''

This Connecticut case is squarely in conflict with the decisions of this State. The Iowa and Indiana decisions have no application. The Kansas and Massachusetts decisions are in harmony with our own, except the case of Rankin v. Rankin, supra, where the proceeding was not in the nature of a supplemental bill as the one under consideration, but was an original bill in the court of a State different from that in which the decree of divorce had been granted.

We are satisfied that the weight of authority and reason is that the court in which the decree of divorce was granted has the power at a subsequent term, by motion or by supplemental bill, to open the decree as to the minor children of the parties to the suit, and to make suitable orders for their care, custody and maintenance. The policy of the law is to protect the progeny of unfortunate marriages, and while such is the case, great care should be exercised by the courts in so doing, to do no injustice to either parent and to as far as possible make such orders as will not impose a burden upon either not in harmony with justice and good conscience.

An examination of the record in the cause before us has convinced us that the court below, in its judgment, was guided by sound discretion, and that no burden was cast upon defendant other than that imposed by the common law. Cause affirmed. All concur.