## KANSAS CITY LOAN GUARANTEE COMPANY, Appellant, v. KANSAS CITY.

### Division One, December 22, 1906.

1. **CITY EMPLOYEES: Earned Claims: Assignment.** The ordinances of Kansas City do not prohibit the assignment and transfer of claims against the city already earned. The assignee of such earned claims may sue the city and recover the amount thereof.

2. ———: ———: ———: **Right to Sue.** Where by the terms of employment wages are due, the right to sue and recover inures to the claimant, and this right is the property of the claimant, and is such a right as can be assigned unless there is some valid law prohibiting the exercise of the right.

3. ———: ———: ———: **Interpretation of Ordinance.** An ordinance that undertakes to prohibit the assignment of earned claims, being in derogation of common right, will be strictly construed, and unless it in express terms contains such prohibition it will not be held to do so. And the ordinance of Kansas City not in express words prohibiting the assignment of earned claims against the city for services rendered by an employee, it is held that such claims may be assigned, and that the assignee may recover for the amount thereof by suit.

4. ———: ———: ———: ———: **Warrants.** The fact that the ordinance prohibits the issuance or payment of the warrant to any person other than the person doing the work for the city, does not prohibit such person from assigning and selling his claim for wages fully earned, and thus giving to his assignee the same right to sue upon it without receiving a warrant as the claimant himself had or would have without asking for or receiving a warrant. Such prohibition is not in express words a prohibition against assignment.

5. ———: ———: ———: **Penal Ordinance.** A penal ordinance that could not be held to justify a conviction in a quasi-criminal proceeding, because of a lack of express words making the conduct complained of criminal, cannot be sustained in a civil action in which the same ordinance and conduct are brought forward to defeat a civil right.

Appeal from Jackson Circuit Court.—*Hon. Shannon C. Douglass,* Judge.

REVERSED AND REMANDED.

*Henry Lee Jost* for appellant.

(1)   The work was fully performed at the time of the assignments.   The right of the plaintiff's assignors to sell their several claims against defendant for the wages due them on account of labor performed is a common and fundamental right.   Section 4, art. 2, Constitution; sec 895, R. S. 1899; Greenhood on Public Policy, pp. 351, 353; Berbeck v. Stafford, 23 How. Pr. (N. Y.) 236; Thompson v. Cullers, 35 S. W. 412; Beal v. McVicker, 8 Mo. App. 203; Ciples v. Blair, Rice Ch. (So. Car.) 66; McGregor v. McGregor, 130 Mich. 505; Oberdorfer v. School Bd. of Louisville, 85 S. W. 696. (2)   This action being based upon the original demand, and not upon warrants, the ordinance pleaded by defendant is entirely foreign to the issues in the case, and should not have been admitted in evidence.   (a) The ordinance being in derogation of common right must be strictly construed.   Butz v. Cavanaugh, 137 Mo. 512; St. Louis v. Babcock, 156 Mo. 154; Town of Pacific v. Seifert, 79 Mo. 210; Carpenter v. Reliance Realty Co., 103 Mo. App. 480.   (b)   The ordinance merely deals with the issuance and delivery of warrants.   The plaintiff is not bound to apply for and receive a warrant in order to collect its claim; it may sue on the original demand, as it has done in this case, and it is entitled to judgment.   1 Dillon on Mun. Corp. (4 Ed.), sec. 501; Bank v. Franklin County, 65 Mo. 113.   (c)   Moreover,

VOL. 200, OCTOBER TERM, 1906.     161

Kansas City Loan Guar. Co. v. Kansas City.

by expressly condemning assignments of "unearned salaries, unearned wages or earnings," the ordinance, by necessary implication, approves assignments of earned salaries, earned wages or earnings. Johnson v. Fluetsch, 176 Mo. 452. (3) If the effect of the ordinance is to restrain the free assignment of claims for earned compensation against the defendant, then it is unconstitutional and void, because: (a) It is an arbitrary and unwarranted interference with the personal liberties of the plaintiff and its assignors, and an unreasonable restraint upon their "right to enjoy the gains of their own industry;" and deprives them of their property without due process of law. Secs. 4 and 30, art. 2, Constitution; art. 14, Constitution of U. S.; Cooley, Const. Lim. (6 Ed.), p. 247; State v. Fisher, 52 Mo. 174; State v. Julow, 129 Mo. 172; State v. Loomis, 115 Mo. 307; State v. Tie & Lumber Co., 181 Mo. 536; State ex rel. v. Ashbrook, 154 Mo. 375; In re Flukes, 157 Mo. 125; Rendering Co. v. Behr, 77 Mo. 98; Ex parte Hutchinson, 137 Fed. 950. (b) The ordinance is squarely in conflict with an express statute, and is therefore void. Sec. 895, R. S. 1899; sec. 23, art. 9, Const. of Mo.; Town of Paris v. Graham, 33 Mo. 94; State ex rel. v. McKee, 69 Mo. 504; Bodgely v. St. Louis, 149 Mo. 122. (4) The ordinance, being void, does not have any legal force or effect, either as a positive law, or by estoppel. Wood v. Kansas City, 162 Mo. 311; State ex rel. v. Eby, 170 Mo. 525; Norton v. Shelby County, 118 U. S. 442.

*Edwin C. Meservey* and *John H. Thacher* for respondent.

(1) The ordinance in controversy constituted a valid exercise of the city's authority in its private or proprietary capacity as distinguished from its governmental or public capacity. Bothe v. Fulton, 85 Mo. App. 16; Bank v. Arkansas City, 76 Fed. 282; Indian-

162    SUPREME COURT OF MISSOURI,

Kansas City Loan Guar. Co. v. Kansas City.

apolis v. Gas Light Co., 66 Ind. 396; Western Savings
Fund v. Philadelphia, 31 Pa. St. 183; 1 Dillon on Mun.
Corp. (3 Ed.), sec. 66; State ex rel. v. Kent, 98 Mo.
App. 281. (2) All ordinances of Kansas City existing
at the time of the contract of employment and relating
to the subject-matter, entered into it and became a part
thereof as effectually as if written in the contract. (a)
All residents of Kansas City are charged with notice
of the ordinances of the municipality. Inhabitants of
Palmyra v. Morton, 25 Mo. 593; Jackson v. Railroad,
118 Mo. 219; Railroad v. Calderwood, 89 Ala. 247; He-
land v. Lowell, 3 Allen 407; Keating v. Kansas City,
84 Mo. 415. (b) Such ordinances relating to the sub-
ject-matter or manner of execution of the contract en-
tered into and became a part of it. Pryor v. Kansas
City, 153 Mo. 135; St. Charles v. Hickman, 133 Mo.
684; Delaware Co. v. Diebold Safe Co., 133 U. S. 478;
Arkansas Smelting Co. v. Starling, 127 U. S. 379;
Burck v. Taylor, 152 U. S. 653. (c) Acting in its pri-
vate or proprietary capacity, Kansas City had under
its charter the power to make any contract with its em-
ployees that any private corporation or individual
could make. Art. 3, sec. 1; art. 4, sec. 15, Kansas City
Charter; City of Indianapolis v. Indianapolis Gas Light
Co., 66 Ind. 402; Galena v. Corwith, 48 Ill. 423; Water
Co. v. City of Aurora, 129 Mo. 575. (3) The ordi-
nance in question being a provision in the contract
must be viewed in the light of surrounding circum-
stances. By its own terms, and according to the plain-
ly manifested intention of the contracting parties, the
claims themselves were unassignable. (a) The first
section of the ordinance expressly uses the word
"claims." (b) The whole purport of the ordinance
shows that the intention of the parties was that the la-
borer should forego all rights of assignment. (c) Any
other construction of the ordinance would lead to pal-
pable absurdities. Charter of Kansas City, sec. 22, art.

4; State ex rel. v. Kent, 98 Mo. App. 281. (4)  A contractual provision inserted in a contract with a municipality prohibiting an assignment of a claim for wages is valid and binding. (a)· Parties may stipulate that a contract shall not be assignable. Andrew v. Meyerdick, 87 Md. 511; Tabler v. Sheffield Land Co., 79 Ala. 377; Diffenbaugh v. Foster, 40 Ind. 382. (b) Such a stipulation by a municipal corporation made in its private or proprietary capacity is valid and binding. Omaha v. Standard Oil Co., 55 Neb. 337. (c) The ordinance was plainly within the city's charter powers. Art. 3, sec. 1, sub. 31; art. 6, sec. 10; art. 4, sec. 15; art. 13, Charter. (5)  The ordinance violates no constitutional right either of the laborer or the loan company. (a)  While the right to assign a matured claim may be a fundamental right existing in the owner of the claim, he may voluntarily curtail such right by contract. Delaware Co. v. Diebold Safe Co., 133 U. S. 478. (b)  A right which for a consideration is contracted away is not any longer a right to be asserted by the contractor. Arkansas Smelting Co. v. Starling, 127 U. S. 379; Burck v. Taylor, 152 U. S. 653. (c)  The loan company had no rights infringed upon by the ordinance since all its rights were acquired long after the ordinance had become a law. (6)  The ordinance is a reasonable protective measure and is in harmony with the policy and laws of this State. (a)  The ordinance saved city officers time and annoyance. Omaha v. Standard Oil Co., 55 Neb. 337. (b)  Protects employees and insures the most efficient public service. Sloss v. Hewlitt, 81 Ala. 266; State v. Williamson, 118 Mo. 146. (c)  Regulations of like character have been upheld in our courts. Sec. 3435, R. S. 1899 (exempt cities from garnishment); sec. 3160, 3161, R. S. 1899 (exempt cities from executions); sec. 384, R. S. 1899 (exempts cities from attachment); sec. 3477, R. S. U. S.; Hobbs v. McLain, 176 U. S. 577; Becker v. Switzer, 15

164     SUPREME COURT OF MISSOURI,

Kansas City Loan Guar. Co. v. Kansas City.

Minn. 427; Fortune v. St. Louis, 23 Mo. 236; Hawthorne v. St. Louis, 11 Mo. 60; State v. Williamson, 118 Mo. 146; Beal v. McVicker, 8 Mo. App. 202. (d) The ordinance did not contravene the provisions of section 895, Revised Statutes 1899. (7) An assignment of a claim made in direct violation of the positive provisions of the contract is void, and one claiming through such assignment is entitled to no relief. Sumrall v. Ins. Co., 40 Mo. 27; Gregg v. Landis, 19 N. J. Eq. 350; Tabler v. Sheffield Land Co., 79 Ala. 377; Thrasher v. Hickart, 49 Mo. App. 280.

GRAVES, J.—Appellant purchased of J. W. Carson, P. H. McIver, P. Anderson and Walter S. Bohan, their respective accounts against respondent for labor done in the street department of respondent city, and took from each of them a written assignment of their said respective claims.

Appellant then instituted an action before a justice of the peace, filing a statement in four counts, and recovered judgment there against respondent in the aggregate sum of $24.04, the amount of said four assigned claims.

Appeal was taken to the circuit court of Jackson county, wherein respondent filed an answer, which after a general denial, pleaded that under Ordinance No. 11125, employees of the city were prohibited from assigning their claims, either earned or unearned, and the assignments were therefore void.

By way of reply appellant set up that said ordinance did not affect an assignment of earned compensation, and further that if the said ordinance did affect the assignment of earned compensation, it was violative of the statutes of the State, and the Constitution of the State, setting out the provisions of the statutes and Constitution claimed to have been violated thereby.

Trial was had before a jury, and under a peremp-

VOL. 200, OCTOBER TERM, 1906.      165

Kansas City Loan Guar. Co. v. Kansas City.

tory instruction from the court a verdict for respondent was returned; motion for new trial proving unavailing, an appeal was taken.

The evidence shows the indebtedness of the city, respondent, in the amounts claimed by appellant, and in the total amount of $24.04 as claimed. The only dispute is as to the construction and effect of the ordinance pleaded by respondent. This ordinance, in so far as is necessary to set out, is as follows:

"Section 1. No person shall combine his claim against Kansas City for salary or for any other demand with that of another or others, thereby procuring one warrant for both or all of said claims instead of two or more warrants, and no warrant shall be issued by the city auditor, or countersigned by the comptroller or paid by the city treasurer, to any person other than the one who has actually done the work, performed the services, supplied the material, furnished the supplies, or has complied with a contract out of which his claim arose.

"Section 2. The city auditor shall allow no person to receipt the auditor's book for warrants issued, other than the person actually doing the work, performing the services, supplying the materials, or who has complied with the terms of a contract existing between himself and Kansas City; provided, however, that in the event of non-residents desiring to receipt for warrants on said auditor's book, they may do so by resident agent or attorney, duly authorized in writing; provided, further, that where such non-resident has no resident agent, the city comptroller shall forward to him his warrant.

"Section 3. Any person failing, neglecting or refusing to comply with any of the provisions or requirements of this ordinance shall be fined by the police judge not less than five dollars nor more than five hundred dollars, and any officer or employee of the city

166    SUPREME COURT OF MISSOURI,

Kansas City Loan Guar. Co. v. Kansas City.

who shall sell or assign his unearned salary, unearned
wages or earnings shall thereby be deemed to have com-
mitted an act which is hereby declared to be sufficient
cause for his removal under section 1176, chapter XIX,
article III, of Revised Ordinances of 1898, and all offi-
cers and employees not holding their office or appoint-
ment under section 1176, chapter XIX, article III, Re-
vised Ordinances of 1898, who shall sell or assign their
unearned salaries, unearned wages or earnings, shall
thereby be subject to immediate discharge and sus-
pension, and the head of any department in which any
such employee works shall discharge said employee
upon receiving information of such sale of unearned.
salary or wages, and the head of any department shall
be removed as provided in sections 8 and 9, article IV,
of the city charter, and the selling or assigning his
unearned salary shall be sufficient cause for removal
under sections 8 and 9, of the city charter.''

The foregoing sufficiently gives the facts.

The accounts or claims involved in this case are for
wages already earned. One of the contentions of the
appellant is, that the ordinance does not cover such
claims; that it does not prohibit the assignment and
transfer of such claims; that the ordinance is leveled
at unearned claims, salaries or wages    Respondent
practically admits that section 3, the penal section of
the ordinance, in terms, does not cover a claim for
earned wages, but argues that when the whole ordin-
ance and the several sections thereof, are read and con-
strued together, the clear meaning of the ordinance
is a prohibition of the assignment of earned as well
as unearned wages. In this we think respondent is
wrong. Respondent claims that because there is a pro-
hibition in the ordinance as to who shall receipt for
a warrant, that this amounts to a prohibition of an
assignment of a valid claim for wages already earned.
Respondent overlooks the fact that the claimant does

not have to ask for a city warrant before being entitled to sue and recover upon his claims. In 1 Dillon on Municipal Corporations (4 Ed.), section 501, the law is announced thus: "A creditor of a town is not bound to receive an order upon the treasurer, but may sue upon his original cause of action." In International Bank of St. Louis v. Franklin County, 65 Mo. l. c. 113, this court has said: "Nor is there any reason or justice in saying that the creditor must allege and prove funds to be in the Treasury because he took a warrant, or because he took *such* a warrant. Upon a refusal to pay he might return the warrant and sue upon the original consideration."

When, by the terms of employment, wages are due, the right to sue and recover inures to the claimant and this right is the property of the claimant and is such a right as can be assigned, unless there is some valid law prohibiting the exercise of the right. The claim of these claimants against the city of Kansas City for wages earned, is property or choses in action, subject to alienation and assignment as a general rule.

But to get back to the question first suggested. Even if a valid ordinance could be passed by respondent restraining the right of a claimant to assign his earned wages, does this ordinance so do? Nothing is said in either section 1 or section 2, in express terms, about the assignment or non-assignment of such claims. In fact, neither earned nor unearned wages are mentioned in these two sections. Such an ordinance must be strictly construed, for if it does undertake to prohibit the assignment of earned wages it is in derogation of common right and this alone will invoke the rule of strict construction and the courts will closely scan the language of the ordinance. [Carpenter v. Realty Co., 103 Mo. App. l. c. 494.]

But, further, there is a penal section to the ordinance which always demands the enforcement of the

rule of strict construction. In such cases a statute or ordinance cannot be carried beyond its express terms. [Town of Pacific v. Seifert, 79 Mo. l. c. 215; Fowler v. City of St. Joseph, 37 Mo. 238; Ellis v. Whitlock, 10 Mo. 781; Rozelle v. Harmon, 103 Mo. l. c. 343; State v. Gritzner, 134 Mo. 512; State v. Reid, 125 Mo. l. c. 48.]

In the Rozelle case, supra, it is said: "In cases of statutes, penal in their character, or in derogation of common right, a strict construction is required, but, in regard to statutes merely remedial in their character, a fair, if not liberal, construction should be given."

In the case of State v. Reid, supra, the rule is announced in this language: "A familiar rule of construction of criminal statutes is that they should be strictly construed and not extended or enlarged by judicial construction, so as to embrace offenses and persons not plainly within their terms. The reason of the rule is found in the tenderness of the law for individuals and on the plain principle that the power of punishment is vested in the Legislature and not in the judicial department."

Now, with these rules of construction, let us analyze sections one and two of this ordinance. Section 1 does not prohibit the assignment of a claim or a cause of action against the city. It prohibits the combination of claims, for salaries or other demands, thus prohibiting one warrant instead of two or more; second, it prohibits the issuance or payment of a warrant to any person other than the person doing the work. Not a word is said about a person assigning or selling his claim for wages fully earned, and thus giving to his assignee the same right to sue upon it without receiving a warrant as claimant himself had and would have, without asking for or receiving a warrant. Section two is no broader. It prohibits any person from receipting for a warrant other than the person actu-

VOL. 200, OCTOBER TERM, 1906. 169

Kansas City Loan Guar. Co. v. Kansas City.

ally doing the work except in the case of persons residing outside of the corporate limits of the city. No prohibition here as to the right of a person to assign to another his claim or cause of action against the city for earned wages.

Section 3 especially condemns, *eo nomine,* the assignment of unearned wages, but nowhere even suggests the subject of assignment of claims for earned wages. So that it appears that not one of the three sections of this ordinance condemns, in express terms, the assignment of earned wages. Nor taken as a whole, do they condemn the alienation or assignment of such claims, by express terms. If such prohibition is to be held to be within the purview of these sections, it must be written and read into them by the court upon the merest implication, a thing not done in penal ordinances or statutes, when judicial construction is demanded.

This is a highly penal ordinance. In its own language, "Any persons failing, neglecting or refusing to comply with any of the provisions or requirements of this ordinance shall be fined by the police judge not less than five dollars nor more than five hundred dollars." Now, suppose the city had caused the arrest of one of these parties, who made the assignment of their claims, and had charged the violation of this ordinance, "by then and there unlawfully selling and assigning to the Kansas City Loan Guarantee Company a claim for wages already earned, due to J. W. Carson and due from the city of Kansas City," could it be contended for a moment that there should be a conviction under this ordinance? Would the courts for a moment sustain a conviction? We think not. Yet if a ban is, in fact, placed upon the assignment of earned wages by this ordinance, the party making the assignment must be liable to a prosecution and fine. This is a penal ordinance and if the ban of the ordinance cannot be sustained in the quasi-criminal proceedings

neither can it be sustained in a civil action. If the prohibition is there at all, it is there for all purposes and for all kinds of cases. But in our judgment, the prohibition, as to the assignment of earned wages, is not in this ordinance in such express terms as to authorize us to declare it to be there.

A very interesting question as to whether or not the city could pass a valid ordinance is suggested by the briefs in this case, but having reached the conclusion hereinabove expressed, a full determination of the case is had without the consideration of that question. It will be time enough to pass upon that question when an ordinance is before us which squarely raises the issue.

We therefore conclude that the ordinance introduced in evidence is no defense to this action, and this cause will be reversed and remanded for further proceedings in accordance with these views.

All concur.