BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1913.

BERTIE MARIE ROBINSON, (now Bertie Marie
Bennett), Respondent, v. BUDD M. ROBINSON,
Appellant.

Springfield Court of Appeals, March 3, 1913.

DIVORCE: Modification of Decree: Support of Child. In June, 1907,
plaintiff herein obtained a decree of divorce from defendant
and, in the decree, alimony in gross was awarded, which was
paid. The care and custody of a son of the marriage, then aged
nine, was also awarded plaintiff, but no decree, order or judg-
ment was entered with reference to the maintenance of the
child. In June, 1912, plaintiff filed a motion asking that defend-
ant be required, under order of court, to pay a sufficient sum
to educate and maintain the child. The trial court sustained
the motion, and allowed plaintiff the sum of five hundred dollars
per annum for the support and maintenance of the child. The
defendant appeals, contending, that since the trial court failed
in the original decree to provide for the maintenance of the
child, it had no jurisdiction to modify or alter the decree so as
to provide for such maintenance. *Held*, that it was within the
province of the trial court to make the order.

(639)

Robinson v. Robinson.

Appeal from Jasper County Circuit Court, Division Number One.—*Hon. Joseph D. Perkins,* Judge.

AFFIRMED; CERTIFIED TO SUPREME COURT.

*Spencer, Grayston* and *Spencer* for appellant.

1. In the original case, the plaintiff did not ask nor did the decree award anything for the maintenance, support and education of the child, and therefore the court was without jurisdiction to make any order touching such matters in this case. Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362; Rev. Stat. 1909, secs. 2381 and 2375. 2. For the same reasons, the evidence did not warrant the court in making any order touching or concerning the support, maintenance and education of the child.

*Fred W. Kelsey* for respondent.

1. The weight of authority in Missouri supports the general rule that where no provision is made for the support of the child in the decree of the divorce, the mother may, at a subsequent term, obtain an order modifying the decree, requiring the father to provide future means for the support of the child. Shannon v. Shannon, 97 Mo. App. 119; Meyers v. Meyers, 91 Mo. App. 151; Chester v. Chester, 17 Mo. App. 657; contra, Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362. 2. "The rule in Missouri is well settled where the decree of divorce is silent on the subject of the children the liability of the father to support his minor children, remains in full common law vigor, though the mother is awarded their custody, as here." Viertel v. Viertel, 212 Mo. 576; Meyers v. Meyers, 91 Mo. App. 151; Cox v. Bogle, 152 Mo. 596; Lusk v. Lusk, 28 Mo. App. 91; Rankin v. Rankin, 83 Mo. App. 535; McCloskey v. McCloskey, 93 Mo. App. 398; Maxwell v. Boyd, 123 Mo. App. 334;

Keller v. City of St. Louis, 152 Mo. 596. 3. The stat-
ute authorizing the circuit court to make orders in
divorce cases is not to be strictly construed. In re
Gladys Morgan, 117 Mo. 254, 9 Am. & Eng. Ency 866;
14 Cyc. 804. 4. The statute is capable of a construc-
tion which would authorize this proceeding and the
construction contended for by the appellant would
deny the court the right to discharge its duty to the
children which are its ward. R. S. 1909, secs. 2381 and
2375; Harris v. Harris, 5 Kan. 53; Keesling v. Kees-
ling, 135 N. E. 337; Tobin v. Tobin, 64 N. E. 624.

STATEMENT.—At the June term of the Jasper
county circuit court in the year 1907 the plaintiff
herein obtained a divorce from the defendant, and in
the decree was awarded alimony in gross in the sum
of seven thousand dollars together with certain real
estate in Newton county, and the care and custody of
a child of the marriage, Francis Henry Robinson, who
at the time of the granting of the divorce was about
nine years of age. The money was paid and the land
deeded by the defendant to the plaintiff. Both plain-
tiff and defendant remarried, the plaintiff moving to
the state of Oregon and taking with her the child. No
order or provision was made in the original divorce
proceeding for the maintenance of the child. At the
June term of said court in the year 1912 a motion to
modify the divorce decree was filed, asking that de-
fendant be required under the order of the court to
pay a sufficient amount to maintain and educate the
child, and proper notice of this motion was served
on the defendant. A motion for a change of venue
filed by defendant being denied, the court heard the
evidence and made the following order modifying the
decree (formal parts omitted):

"Now comes on for hearing the plaintiff's motion
to modify the divorce decree heretofore entered here-

in, by consent the same is taken up, and being seen, heard and fully understood by the court, and the court hearing the evidence adduced by both parties, duly considering the same, being now well and fully advised in the premises, said motion is by the court sustained and the plaintiff is allowed the sum of five hundred dollars per annum for the support, maintenance and education of the child, Francis Henry Robinson, to be paid in quarterly payments of one hundred and twenty-five dollars each, the first payment to become due and payable on the tenth day of July, 1912, and a payment to become due and payable each quarter thereafter until the further order of this court.

"It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendant, for the support, maintenance and education of the infant child, Francis Henry Robinson, the sum of five hundred dollars per annum to be paid in quarterly payments of one hundred and twenty-five dollars each, the first payment to become due and payable on the tenth day of July, 1912, and a payment to be made on the first of each quarter thereafter, together with the costs of this hearing, and if the payments are not paid when due, let execution issue therefor."

A motion to set aside this order being denied over defendant's exception, an appeal to this court was perfected.

The original decree merely granted the divorce and fixed the alimony in gross and gave the care and custody of the child to the mother, and no order, decree or judgment was entered with reference to the maintenance of the child.

## OPINION.

FARRINGTON, J.—It is contended on behalf of the appellant that because of the failure of the court

in the original divorce decree to provide for the main-
tenance of the child, the court, under sections 2375 and
2381, Revised Statutes 1909, had no jurisdiction to
modify the decree so as to provide for the maintenance
of the child. The respondent contends that the order
awarding the care and custody of the child necessar-
ily and as an incident thereto gave the court power
and jurisdiction at any time, under the facts referred
to, to make the order made in this case.

Section 2375, R. S. 1909, is as follows:

"*Alimony and maintenance.*—When    a    divorce
shall be adjudged, the court shall make such order,
touching the alimony and maintenance of the wife, and
the care, custody and maintenance of the children, or
any of them, as, from the circumstances of the parties
and the nature of the case, shall be reasonable, and
when the wife is plaintiff, may order the defendant
to give security for such alimony and maintenance;
and upon his neglect to give the security required of
him, or upon default of himself and his sureties, if
any there be, to pay or provide such alimony and main-
tenance, may award an execution for the collection
thereof, or enforce the performance of the judgment
or order by sequestration of property, or by such other
lawful ways and means as is according to the practice
of the court. The court, on the application of either
party, may make such alteration, from time to time,
as to the allowance of alimony and maintenance, as
may be proper, and the court may decree alimony
pending the suit for divorce in all cases where the
same would be just, whether the wife be plaintiff or
defendant, and enforce such order in the manner pro-
vided by law in other cases."

Section 2381, R. S. 1909, is as follows:

"*Decree of divorce not subject to review—other-
wise as to alimony.*—No petition for review of any
judgment for divorce, rendered in any cause arising
under this article, shall be allowed, any law or statute

to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases."

It is contended by appellant that under section 2375 there could be no alteration of an order never made, and that under section 2381 there could be no review of an order or judgment never made.

An examination of the authorities in this State reveals that the St. Louis Court of Appeals, in the cases of Lukowski v. Lukowski, 108 Mo. App. 204, 83 S. W. 274, and Seely v. Seely, 116 Mo. App. 362, 91 S. W. 979, sustains the position taken by the appellant, and that the Kansas City Court of Appeals, in the case of Shannon v. Shannon, 97 Mo. App. 119, 71 S. W. 104, sustains the position taken by the respondent, and it necessarily devolves upon us to certify this question to the Supreme Court for final determination.

All the decisions in this State on this question hold that the statutes above referred to are merely cumulative of the common law; that the granting of this mode of procedure to procure maintenance for the child does not take away from the father the common law duty and obligation to maintain and provide for the child, nor take away from the custodian of the child or any other person furnishing the child with necessaries the right to sue the father for reimbursement. We therefore take it these statutes are cumulative, and merely remedial, and only provide an additional remedy to enforce the common law duty of the father to maintain his child. This being true, it is the duty of courts to construe such statutes liberally. There is no common law right established or common law remedy taken away. The statutes only refer to the mode of procedure in obtaining mainten-ance for the child rather than creating any right or obligation different from that imposed at common

law.   Like the statutes creating mechanics' liens
which our courts have held are merely creatures of
statutory enactment, unknown to the common law,.
as such statutes pertain only to the remedy and not
to the right of enforcing the payment of the debt,
they should receive a liberal construction.   [Putnam
v. Ross, 46 Mo. 337; Oster v. Rabeneau, 46 Mo. 595.]
Likewise, in construing the laws of administration
the courts have held that where the statute pertains
to the remedy and not the right it will be liberally
construed.   [Rozelle v. Harmon, 103 Mo. 339, 15 S.
W. 432.]   In the case of Heman v. McNamara, 77 Mo.
App. 1, Judge Bond exhaustively treats of remedial
statutes and quotes from many of the leading text-
writers, the question involved being as to the right
of a defendant to file a set-off or counter claim in a suit
brought against him, and because the statute was re-
medial, the court held it was not to receive a strict
construction and that the rule of *strictissimi juris* did
not apply.   The rule is laid down in 36 Cyc. 1173 that
laws enacted in the interest of the public welfare or
convenience should be liberally construed, and that
statutes enacted for the correction of errors, the sup-
ply or curing of defects, the redress of existing griev-
ances, are known as remedial statutes and should be
liberally construed.   On the other hand, it is stated that
a statute imposing a new duty and creating a new
right will be construed strictly.   But statutes designed
to render the methods of procedure more simple and.
convenient are remedial and are to be liberally con-
strued.   [36 Cyc. 1188.] "A remedial statute," says
the American and English Encyclopedia of Law, (2
Ed.), Vol. 26, at page 530, "is one made to supply de-
fects or abridge superfluities in the common law aris-
ing from the general imperfections of human laws,
the change of time and circumstances, or from any
other cause whatever." Such statute is distinguished
from a penal statute, the latter, of course, requiring

a strict construction, and at page 614 it is stated that where a statute only provides a new remedy for a preexisting right, it is merely cumulative. In the case of Union Brewing Co. v. Ehlhardt, 139 Mo. App. 129, 138, 120 S. W. 1193, discussing the construction to be placed on remedial statutes, this language is used: "In construing this statute, we must look to the prior state of the law on the subject, the mischief, if any, which it entailed, and the remedy therefor, which is sought to be provided thereby. . . . Thus viewing the statute, the purpose of the Legislature to simplify and further proceedings originating before a magistrate in the interests of justice, is manifest." And in the case of Shohoney v. Railroad, 231 Mo. 131, 157, 132 S. W. 1059, Judge LAMM states the "trite and venerable doctrine" to be followed by the court. In the case of Kansas City Loan Guar. Co. v. Kansas City, 200 Mo. 159, 168, 98 S. W. 459, Judge GRAVES approvingly quotes from the Rozelle case, supra. In the case of Robinson v. Harmon, 117 N. W. 664, the following is quoted with approval from Black on Interpretation of Statutes: "It is an old and unshaken rule in the construction of statute that the intention of a remedial statute will always prevail over the literal sense of its terms, and therefore when the expression is special or particular, but the reason is general, the expression will be deemed general. . . . It may be stated in general terms that any statute which gives a remedy or means of redress where none existed before, or which creates a right of action in an individual, or a particular class of individuals, is remedial within the meaning of this rule." The following appears in Black on Interpretation of Laws, at page 310: "In the next place, statutes made in relation to the administration of justice in the courts, and designed to render the same more simple, speedy, or efficacious, are to be liberally construed, for the attainment of that important object."

Turning again to the statutes under consideration and reading them in the light of a liberal construction, it will be seen that the Legislature intended for the divorce court to take charge of the child and award its care and custody, and in order to make the care and custody effective, the Legislature wisely provided a procedure—summary, perhaps—by which the father may be required to advance the maintenance necessary for the child. It is true, if this statute is one that should be strictly construed, there could be no alteration on a motion to modify a decree for alimony, nor a review of an order or decree for the maintenance of the child, unless there had been an order made in the first instance, it being argued that there having been no order made—under a strict construction—there could be none altered. However, bearing in mind the purpose and intention of the Legislature in giving to the court the power to deal with the child regardless of the litigation between the parents, and remembering that the statute was passed for the benefit of the child and for the purpose of enforcing a common law obligation that the father owed the child, and that the statute is cumulative and remedial, so strained and strict a construction should not be placed upon it.

The Supreme Court of this State in the case of In re Gladys Morgan, 117 Mo. 249, 21 S. W. 1122, 22 S. W. 913, went so far as to hold that the divorce court could in a case pending before it for divorce between the husband and wife make an order with reference to the care and custody of a child pending the action although the petition in the case did not pray for the care and custody of the child and neither party had at that time demanded the care and custody of the child; and that although the pleadings under the statute (which was the same as it is now) contained nothing on the subject, and although there had not been an adjudication or decree in the divorce case,

still the divorce court had jurisdiction to make an order with reference to the care and custody of the child pending the action. Surely, this was not a strict construction of the statute. The court in that case based its holding on the ground that the divorce court gets its powers with respect to children from the chancery practice and not from the ecclesiastical courts. And in the case of Cole v. Cole, 89 Mo. App. 228, Judge GOODE in discussing the statutes in question recognizes that the Supreme Court in the Morgan case has so construed the statutes.

In 14 Cyc. at page 811, we find the rule thus declared: "However, the power of the court to make an order directing the father to provide for the maintenance of the minor children under petition in the suit long after final decree has been entered is well established, where the decree contains no provision on the subject." Numerous authorities are cited in support, and among them is the case of Meyers v. Meyers, 91 Mo. App. 151, which was decided by the St. Louis Court of Appeals and afterwards overruled by the same court in the case of Seely v. Seely, 116 Mo. App. 363, 91 S. W. 979.

Taking into consideration the predicament the child is often placed in where the parents are quarreling and charging and countercharging under the various grounds of the divorce statute, and where, as frequently occurs in the fury of the battle, the innocent offspring of the unfortunate marriage who is especially the ward of the court is overlooked by the parents as well as the court in making a decree or order at the time touching its welfare, we think, from a legal, ethical and moral standpoint that the courts should construe the statutes to their full intendment for the purpose of protecting those whom they are designed to protect. It is our opinion that the Kansas City Court of Appeals in the case of Shannon v. Shannon, supra, follows the better doctrine and is

more in keeping with the views expressed by the Supreme Court in the Morgan case. Believing that the justice of the case permits, indeed demands, a liberal construction of the statutes under consideration, we are constrained to hold contrary to the opinion of the learned judge of the St. Louis Court of Appeals in the cases of Lukowski v. Lukowski and Seely v. Seely, supra. We hold that the trial court committed no error as disclosed by this record and the judgment is accordingly affirmed, but, as this holding is necessarily in conflict with the decisions of the St. Louis Court of Appeals in the cases referred to, the cause is certified to the Supreme Court for final determination. All concur.