**Steven Paul ZIMMER, Appellant,**

v.

**Donna Louise ZIMMER, Respondent.**

**No. WD 41060.**

Missouri Court of Appeals, Western District.

May 23, 1989.

Cullen Cline, Columbia, Milton B. Garber, Fulton, for appellant.

David L. Knight, Susan Ford Robertson, Columbia, for respondent.

Before KENNEDY, C.J., NUGENT and LOWENSTEIN, JJ.

KENNEDY, Chief Judge.

Husband appeals from a provision in a dissolution decree which divided the proceeds of an annuity in the ratio of 80% to husband and 20% for wife. The annuity, payable to husband only, had been received in settlement of an action for husband's personal injuries and a claim by the wife for loss of consortium. The annuity provides for the payment of $25,000 in a lump sum each five years for forty years, beginning in 1990. In addition thereto there is a monthly payment. These payments began in 1985 at $1,200 per month and will be increased at the rate of 3% per annum to compensate for inflation. The payments continue for 40 years, and are guaranteed for 30 years in case of the husband's death during that period. The payments in the

40th year will reach the sum of $3,800 per month.

Husband for workers' compensation purposes received a disability rating of 85% of the whole body. He faces future surgery to implant more hair in his scalp and to remove cataracts from his eyes. He is a graduate student at the University of Missouri–Columbia, working toward his master's degree in sociology. Wife previously was employed as a data entry clerk at Columbia Regional Hospital in Columbia, but is currently unemployed by her own choosing. The parties had been married 17 years at the time of their dissolution. They had one son, Jacob Matthew. In accordance with the parties' agreement, the wife received primary physical custody of Jacob, and husband was ordered to pay $250 per month for his support.

■ Husband first says that the proceeds of the personal injuries settlement represented by the annuity were not marital property. He says that we should not follow *Nixon v. Nixon*, 525 S.W.2d 835 (Mo.App.1975), a decision of the Eastern District of this court, which held that the proceeds of personal injury claims for injuries received by one spouse during the marriage were marital property. *Nixon* has been consistently followed and cited with approval, *Heineman v. Heineman*, 768 S.W.2d 130 (WD Mo.App.1989); *Jobe v. Jobe*, 708 S.W.2d 322 (Mo.App.1986); *Gonzalez v. Gonzalez*, 689 S.W.2d 383, 385 (Mo.App.1985); *Trapani v. Trapani*, 684 S.W.2d 500, 503 (Mo.App.1984); *McClement v. McClement*, 681 S.W.2d 500, 502 (Mo.App.1984); and we will not depart from it in this case.

■ Husband next argues that if the proceeds of the personal injury settlement are marital property, that the court erred in awarding the wife an excessive percentage thereof. He bases this argument upon the fact that the husband's disability from his injuries will continue, while the wife's ongoing loss as the result of her husband's injury is terminated by the dissolution. Husband then goes back to the amounts prayed for in the petitions of the parties for their respective lawsuits growing out of

husband's injuries, and calculates that the wife's claim for consortium damages represents less than 20% of the total claim for damages. He then argues that she should have less than 20% of the annuity payments. He suggests, by various formulae, that the wife should have as little as 10% and no more than 16.7%. The court was not bound by any mathematical formula. Neither party requested, nor did the court make specific findings of fact as to how he determined the 80%–20% division. The division was reasonable and we will not disturb it on appeal. *Telge v. Telge*, 677 S.W.2d 403, 405 (Mo.App.1984); *McKnight v. McKnight*, 638 S.W.2d 789, 790 (Mo.App. 1982).

■ The husband has filed in this court a motion to remand the case to the trial court to deal with any issues with respect to a child born of the wife after the dissolution.

The wife alleged in her petition and testified at the divorce trial on June 17, 1988, that she was not pregnant. It turned out that wife was pregnant and she gave birth to a female child during the pendency of the appeal. The divorce was granted September 6, 1988, and the child was born January 10, 1989, within 300 days after the dissolution decree, during the time when the husband is presumed to be the natural father of the child, Section 210.822.1(1), RSMo Supp.1988. The trial court was not informed of the pregnancy and the trial court record has in it nothing of the pregnancy. The husband, as noted, has filed in this court a motion to remand to deal with any issues with respect to the after-born child. Wife admits the birth of the child on January 10, 1989, but she resists the remand of the case and files an affidavit saying that the husband is not the father of the child.

It is true that either party could initiate a proceeding to settle the issues of parentage, custody and support of the child, under the Uniform Parentage Act, Section 210.817, et seq., RSMo Supp.1988. This might perhaps be filed as an independent proceeding, or might be joined with a motion to modify the decree in the present case. *See* Section 210.829.1, RSMo Supp.

1988; *see also Laumeier v. Laumeier*, 308 Mo. 201, 271 S.W. 481, 485–87 (1925); *L.M. K. v. D.E.K.*, 685 S.W.2d 614, 616 (Mo.App. 1985); *Carrow v. Carrow*, 294 S.W.2d 595, 598 (Mo.App.1956); *Shannon v. Shannon*, 97 Mo.App. 119, 71 S.W. 104, 105–06 (1902); 24 Am.Jur.2d *Divorce and Separation* § 1098 (1983). This, however, would require the initiation of a new proceeding by one party or the other and the status of the child would be clouded until the proceeding was commenced and terminated. The court has an independent duty toward the child to provide for her care, custody and support if she is the child of the marriage of the parties to the dissolution. *See B.W. v. F.E.W.*, 562 S.W.2d 137, 139 (Mo.App. 1978); *Urbanek v. Urbanek*, 503 S.W.2d 434, 441 (Mo.App.1973); *Allen v. Allen*, 433 S.W.2d 580, 583 (Mo.App.1968). Where this court has been informed of the birth of the child during the pendency of the appeal, we conclude, taking into account the interests of the child as well as those of the husband and wife, that the remand of the case to the trial court for the purpose of dealing with the issues relating to the after-born child would be the best procedure. The parentage of the child and the rights and obligations of the husband and wife with respect to the child ought to be judicially settled. The cause is therefore remanded to the trial court for the sole purpose of determining the parentage, custody and support of the child. With respect to the court's decree dividing the marital property the judgment is affirmed.

All concur.