## LUKOWSKI, Respondent, v. LUKOWSKI, Administrator, Appellant.

St. Louis Court of Appeals, November 15, 1904.

1. **DIVORCE: Alimony: Maintenance of Children.** Under section 2926, Revised Statutes of 1899, in a decree of divorce in favor of the wife, the allowance of alimony is meant for her maintenance and does not cover the maintenance of the children.

2. ———: ———: ———: **Review of Decree.** Where an allowance of alimony is made to the wife in a decree of divorce in which the custody of the children is awarded to her and the decree is silent as to the maintenance of the children there is no judgment in their behalf which can be reviewed by the divorce court under section 2932.

3. ———: ———: ———: **Husband's Duty.** It is the duty of a divorced husband to maintain his children which are awarded to the custody of his divorced wife and she may maintain an action against him for money expended by her in maintaining them after the divorce.

4. ———: ———: ———: **Allowance Against Husband's Estate.** And she may have her demands for such allowance probated against her former husband's estate after his death.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*J. Hugo Grimm* for appellant.

(1) Since our statute (Revised Statutes 1899, sec. 2926) makes it the duty of the court in decreeing a divorce "to make such order touching alimony and maintenance of the wife and the care, custody and maintenance of the children as shall be reasonable," it must certainly be presumed that the court obeyed the mandate of the statute, and that the allowance of the gross sum of two thousand dollars to the wife, together with the care and custody of the children, was an adjudication that this was the full measure of her right which the court could allow under the statute. This is true, especially in view of the fact that the amount awarded her was almost two-thirds of the value of the property, and that the decree required the plaintiff, as a condition precedent to receiving this two thousand dollars, to quitclaim her interest in the real estate. Chester v. Chester, 17 Mo. App. 660; 2 Nelson on Divorce and Separation, sec. 983; 9 Am. and Eng. Ency. of Law (2 Ed.), 873. (2) So long as the decree rendered in the divorce case stands, it is the measure of the rights and obligations of the parties to each other, and could be pleaded as a bar in any suit in which the same questions were sought to be litigated. If the decree was inadequate or failed to give plaintiff the full measure of relief, her only remedy would be by a proceeding to amend or modify that decree. She could not attack it or ignore it in a collateral proceeding. Since under our statute the divorce court retains jurisdiction over the case, any proceeding to modify the decree would have to be had in the divorce case itself. 9 Am. and Eng. Ency. of Law (2 Ed.), p. 872, cases cited in note 2; 7 Am. and Eng. Enc. Pl. and Pr., 131; 2 Nelson, Div. and Separation, sec. 981; McKness v. McKness, 30 S. W. 207; In re Morgan, 117 Mo. 256, 21 S. W. 1122, 22 S. W. 913; Brown v. Smith, 19 R. I. 319; Husband v. Husband, 67 Ind. 583; Ramsey v. Ramsey,

121 Ind. 221; Johnson v. Onsted, 74 Mich. 437; Hall v. Green, 87 Me. 122; Brown v. Brightman, 136 Mass. 187; Finch v. Finch, 22 Conn. 411; Chandler v. Dye, 37 Kan. 765; Burritt v. Burritt, 29 Barb. 124; Rich v. Rich, 88 Hun 566.

*William P. Sheridan* and *Joseph Block* for respondent.

(1)    Alimony is maintenance for the wife alone, not also for the children. Our statute contemplates that the decree should separate the allowance to the wife as alimony for her support and the allowance to her as maintenance for the children, and that the two amounts should be set out separately in the decree. This is the proper and approved form of decree. Chester v. Chester, 17 Mo. App. 567; 2 Bishop on M. and D. and Sep., secs. 1020 and 1213. When the decree of divorce does not provide for the maintenance and support of the minor children, the father is left in the same position as to them as before the decree was rendered, i. e., he is entitled to their earnings and is liable for their support. This is true irrespective of whether the decree awards their custody to the mother or is silent on the subject. Biffle v. Pullam, 114 Mo. 50, 21 S. W. 450; Keller v. St. Louis, 152 Mo. 596, 54 S. W. 438. The divorced wife can maintain an independent action against her former husband for expenditures by her for maintenance and support of minor children of the marriage after decree of divorce. Zilley v. Dunwiddie, 98 Wis. 428; Gibson v. Gibson, 40 L. R. A. 578; Pretzinger v. Pretzinger, 45 Ohio St. 452; McCloskey v. McCloskey, 93 Mo. App. 393, 67 S. W. 669; Rankin v. Rankin, 83 Mo. App. 338. In this State an independent action is the sole remedy by which she can recover. In a proceeding to modify the decree of divorce she can obtain an order for future maintenance only, and can not recover for expenditures for past

maintenance.    Meyers v. Meyers, 91 Mo. App. 151;
Shannon v. Shannon, 97 Mo. App. 119, 71 S. W. 104.

STATEMENT.

On December 14, 1896, a suit for divorce was
brought by Elizabeth Lukowski against her husband
Valentine Lukowski. The St. Louis circuit court
granted her a decree of divorce and made the follow-
ing award:

"And it is further ordered and adjudged by the
court, and so decreed, that the plaintiff have the cus-
tody of Rosa and Stanislaus Lukowski, the children of
said parties; that defendant pay to plaintiff the sum
of two thousand ($2,000) dollars alimony in gross, to
be payable when plaintiff executes and delivers to de-
fendant a quitclaim deed for interest in property 1426
and 1428 North Eighteenth street, in the city of St.
Louis, Missouri; that the plaintiff recover of the de-
fendant her costs and charges herein expended, that
execution issue therefor, but that said execution be
stayed for fifteen days."

The real estate mentioned in the decree had there-
tofore been conveyed to Valentine Lukowski and wife
for an express consideration of $3,250. On January 12,
1897, Elizabeth quitclaimed the property to her former
husband, therefore, the inference is that the two thou-
sand dollars, allowed her as alimony in gross, were
paid at or about that time. About July 7, 1902, Val-
entine Lukowski died intestate. The administration of
his estate passed into the hands of the defendant as
administrator *de bonis non*. Plaintiff presented to the
probate court, of the city of St. Louis, a demand
against the estate of Valentine Lukowski, deceased,
consisting of two items: First, an item of $298 for fur-
nishing food, clothing, etc., for her daughter Rose for
forty-nine and two-thirds months at six dollars per
month; second, an item of $1,334 for maintenance, food,
clothing, medicine, etc., furnished her son Stanislaus

for sixty-six and seven-tenths months at twenty dollars per month. Both items run from December 14, 1896, the date of the decree of divorce. Her claim was disallowed by the probate court and she appealed to the circuit court where, on a trial *de novo*, the court allowed her claim for $643.45 to be placed in the fifth class of demands against the estate. Defendant appealed.

BLAND, P. J. (after stating the facts).—In view of all the evidence, the allowance is a very reasonable one, if the plaintiff is entitled to anything at all. The contention of defendant is that the plaintiff's demand is one which can not be legally allowed against the estate, for the reason that the decree of divorce, so long as it stands, furnishes the measure of the rights and obligations of the parties to that decree. That if the decree was inadequate or failed to furnish support to the minor children, plaintiff's remedy, and only remedy, was to apply to the divorce court for a modification of the decree and by proper motion ask an allowance for the maintenance of the minor children. Our statute on divorce (sec. 2926, Revised Statutes 1899) makes it the duty of the court granting the decree of divorce to "make such order touching the alimony and the maintenance of the wife, and the care, custody and maintenance of the children as shall be reasonable." Section 2932 provides that there may be a review of any order or judgment touching the alimony and maintenance of the wife and the care and custody and maintenance of the children. The decree of divorce, while it shows that the children were in the mind of the court at the time the decree was entered, fails to show that any order or judgment was made or rendered for their future maintenance. Defendant, however, contends that their maintenance was provided for in the allowance of the two thousand dollars as alimony in gross to the wife. The decree does

not read that way. Alimony is one thing and an allowance for the maintenance of the minor children is another. Alimony is for the maintenance and support of the divorced wife. A separate order is required to provide for the maintenance of the minor children. The statute contemplates a separate allowance for each and it would be a bold assumption to hold that the divorce court intended that out of the two thousand dollars, allowed the mother as alimony, she should maintain her minor children that were awarded to her custody. The divorce court omitted to make any order for the maintenance of the minor children. It entered no judgment in their behalf and there is no order or judgment providing for their maintenance that can be reviewed by the divorce court, as provided for by section 2932, supra. There is, therefore, nothing in the decree of divorce to which Lukowski could have appealed in his lifetime to relieve him of his primary duty to support his children and nothing to which his administrator can now appeal or set up as a bar to the allowance of the plaintiff's claim, as the award of the custody of the minor children to the mother did not relieve Lukowski of the primary duty to maintain his children. Lusk v. Lusk, 28 Mo. App. 91; Cox v. Boyce, 152 Mo. 596, 54 S. W. 467; Chester v. Chester, 17 Mo. App. 1. c. 659. It is the law here and elsewhere, that the wife, after divorce, may maintain an action against her former husband for money expended by her to maintain his minor children after the divorce, where the decree of divorce failed to provide for their maintenance. Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 398, 67 S. W. 669; Gibson v. Gibson, 40 L. R. A. 587; Re Estate of August Zilley, 40 L. R. A. 579. This being so, she may, of course, have her demand for such allowance probated against her former husband's estate after his death.

Discovering no reversible error in the record, the judgment is affirmed. All concur.