SEELY, Appellant, v. SEELY, Respondent.

St. Louis Court of Appeals, January 16, 1906.

DIVORCE: Alimony: Review of Allowance: Maintenance of Child. Where in a decree of divorce in favor of the wife, an allowance of alimony is made and the custody of minor children is awarded to her, and the decree is silent as to the future maintenance of the children, the order cannot be reviewed under section 2932, Revised Statutes of 1899; the proper remedy of the wife in such case is an action at common law for the money necessarily expended in the maintenance of the children.

Appeal from Ralls Circuit Court.—*Hon. David H. Eby, Judge.*

REVERSED.

*Roy & Hays* for appellant.

The court erred in making any allowance for the reason that the court in the decree of divorce made no allowance, hence there was nothing to modify. Lukowski v. Lukowski, 98 Mo. App. 204. There is no proof of any new facts or condition occurring since the divorce on

which to base a modification of the decree. West v. West, 94 Mo. App. 683; Deidesheimer v. Deidesheimer, 74 Mo. App. 234.

*Tapley & Fitzgerrell* for respondent.

The appellant complains that the trial court modified a decree in reference to the allowance to respondent for the support of the child Arzola but fails to set out the decree which he states the court was without authority to modify. Sections 2926 and 2932, R. S. 1899, gives the court such authority. Chester v. Same, 17 Mo. App. 657; Myers v. Same, 91 Mo. App. 156.

BLAND, P. J.—On her crossbill, respondent herein, at the March term, 1900, of the Ralls Circuit Court, obtained a decree divorcing her from her husband, the appellant herein. By the decree respondent was allowed six hundred and fifty dollars alimony in gross which has been paid. She was also allowed the custody of Arzola Seely, a minor child born of the marriage; but the decree is silent as to the future maintenance of the minor. At the March term, 1905, of the Ralls Circuit Court, the respondent filed her motion asking for a modification of the decree in order to allow her a sum sufficient for the maintenance of said minor child during the remainder of her minority, she being now fifteen years of age. Evidence was heard on the motion and the court sustained it and allowed the sum of fifteen dollars per month for the maintenance of said minor, beginning May 1, 1905, payable monthly thereafter. From this order appellant duly perfected his appeal.

In Lukowski v. Lukowski, 108 Mo. App. 204, 83 S. W. 274, the same question brought up by this appeal was before us for decision, and we held that where a decree of divorce is in favor of the wife and an allowance of alimony is made and the custody of minor children is awarded to her, and the decree is silent as to the fu-

ture maintenance of the children, there is no order or judgment in behalf of the children that can be reviewed under section 2932, R. S. 1899, and held, that, in such circumstances, the wife may recover of the father of the children, in an ordinary action at law, the money she has necessarily expended for their maintenance or if he be dead procure an allowance of such sum against his estate. We adhere to this ruling and disapprove what is said to the contrary in Mayers v. Mayers, 91 Mo. App. 151.

The judgment is reversed. All concur.