## BERTIE MARIE BENNETT, Respondent, v. BUDD M. ROBINSON, Appellant.

Springfield Court of Appeals, April 23, 1914.

1. **DIVORCE:** Decree Silent as to Maintenance of Child: Duty of Father: Mother's Right of Action for Money Expended. A divorce decree awarded the custody of a child to the mother but was silent as to its maintenance. The liability of the father to support such minor child still remained in full force and the mother having advanced money for its education and maintenance could recover therefor and was not limited to an application for a modification of the decree.

2. ———: No Provision in Decree for Child's Support. Mother Can Recover for Money Advanced, Regardless. A divorce decree awarded the custody of the child to the mother but was silent as to its support. Demand by the mother that the father contribute to its support was not necessary to enable the mother to recover for money advanced for such support.

3. **ACTION ON ACCOUNT:** Pleading: Itemizing. Under sec. 1832, R. S. 1909, a party is required to either set forth in his pleading the items of the account sued on or attach a copy of the

account to the pleading. This applies where an itemized account has been kept by the plaintiff and the suit is based thereon, but the keeping of such an account is not a prerequisite to the prosecution of an action.

Appeal from Lawrence Circuit Court.—*Hon. Carr McNatt,* Judge.

AFFIRMED.

*Spencer, Grayston & Spencer* for appellant.

(1) The plaintiff had the right under the statute to have the court consider the "circumstances of the parties and nature of the case," and to make such order as to the court seemed reasonable for the maintenance of the child at the time when the divorce was granted. No such order having been made, the presumption is, either that the plaintiff voluntarily waived that right, or that the court concluded that the circumstances of the case were such as not to warrant such an order, and determined the matter adversely to the plaintiff. Plaintiff's remedy is an application to the court for a modification of the decree to provide for child's maintenance. Husband v. Husband, 67 Ind. 583, 33 Am. St. Rep. 107; Rich v. Rich, 88 Hun (N. Y.), 566, 34 N. Y. Supp. 854; Brown v. Smith, 19 R.I. 319, 33 Atl. 466, 30 L. R. A. 680; Harris v. Harris, 5 Kan. 46; Hall v. Green, 87 Me. 122, 47 Am. St. Rep. 311, and note. (2) Between the time of the granting of the divorce, without an order requiring the defendant to maintain the child, and the time when such order was made, being the period covered by the expenditures sued for herein, there was no implied obligation on the part of defendant father to pay for the support voluntarily furnished by the plaintiff mother. 14 Cyc. 812; Finch v. Finch, 22 Conn. 411; Ramsey v. Ramsey, 121 Ind. 215, 23 N. E. 69, 6 L. R. A. 682; Husband v. Husband, supra; Hampton v. Alee, 56 Kan. 461, 43 Pac. 779; Chandler v. Dye, 37 Kan. 765, 15 Pac. 925; Harris v.

Harris, supra; Brow v. Brightman, 136 Mass. 187; Rich v. Rich, supra; Burritt v. Burritt, 29 Barb. 124; Brown v. Smith, supra; Johnson v. Onsted, 74 Mich. 437, 42 N. W. 62. (3) This was a suit on an account, and the plaintiff should have been required to itemize her account. Brown v. Brown, 132 Ga. 712, 64 S. E. 1092, 131 Am. St. 235; Chandler v. Dye, 37 Kan. 765; Hampton v. Alee, 56 Kan. 461; Stanton v. Wilson's Executors (Con.), 3 Day, 37; 3 Am. Dec. 255, and note; McCloskey v. McCloskey, 93 Mo. App. 395; Rankin v. Rankin, 83 Mo. App. 339.

*Fred W. Kelsey* for respondent.

(1) The rule in Missouri is well settled that where the decree of divorce is silent on the subject of the children the liability of the father to support his minor children remains in full common law vigor, though the mother is awarded their custody. The presumption, therefore, is that where the decree is silent, the obligations were left just where they were before. Meyers v. Meyers, 91 Mo. App. 151; Viertel v. Viertel, 212 Mo. 562; Rankin v. Rankin, 83 Mo. App. 335; Lukowski v. Lukowski, 108 Mo. App. 204; Lusk v. Lusk, 28 Mo. 91; McCloskey v. McCloskey, 93 Mo. App. 398; Maxwell v. Boyd, 123 Mo. App. 334; Keller v. St. Louis, 152 Mo. 596. The support furnished by the mother because of the breach of the duty which the father primarily owed the child raised an implied legal obligation on his part to pay her. Porter v. Powell, 79 Iowa, 151, 44 N. W. 295, 18 Am. St. Rep. 353; Mullally v. Scott, 162 Ill. App. 533; Keller v. St. Louis, 152 Mo. 596; Chester v. Chester, 17 Mo. App. 657; Robinson v. Robinson, 154 S. W. 162; White v. White, 154 S. W. 872; Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393. The pleadings in this case were sufficient. White v. White, 154 S. W. 872; Mfg. Co. v. Mitchell, 38 Mo. App. 321; Strauss v. Transit Co., 102 Mo. App. 644; Bank v. Cochran, 87 Pac. 855.

ROBERTSON, P. J.—The plaintiff obtained a divorce in the circuit court of Jasper county on June 14, 1907, and the custody of the child was awarded to the plaintiff, the decree being silent as to its maintenance. On June 4, 1912, plaintiff filed her motion asking the circuit court of said county to so modify the decree as to require the defendant to pay in the future for the child's support, maintenance and education. The motion was sustained and the allowance fixed at $500 per year. [See Robinson v. Robinson, 168 Mo. App. 639, 154 S. W. 162.] On August 3, 1912, the plaintiff brought this action in the same court to recover from the defendant the sum of $3000 on account of the support, maintenance and education of their minor child from the date of the divorce to June 4, 1912. A change of venue was taken in the case to the circuit court of Lawrence county, where, upon a trial to a jury, a verdict was returned in favor of the plaintiff for the sum of $1500, upon which judgment was entered and from which this appeal was taken by the defendant.

There are but a few questions in this case that we deem of sufficient importance to consider.

The defendant contends that the only remedy the plaintiff has, if any, is a motion in the divorce case to modify the decree. We do not believe that the defendant's position is sustained by the authorities in this State. The case involving the allowance for future maintenance was certified to the Supreme Court by this court on account of the decision being in conflict with decisions of the St. Louis Court of Appeals.

The case of Meyers v. Meyers, 91 Mo. App. 151, holds that where the decree is silent as to maintenance of the children, but awards the custody to the mother, that it leaves the defendant in the same position with respect to his duty to maintain the children as he was before the decree was entered. In Viertel v. Viertel, 212 Mo. 562, 567, 111 S. W. 579, this language is used: "Whatever may be the general rule or the doctrine in

other jurisdictions (see 9 Am. & Eng. Ency. Law [2 Ed.], 871, and authorities cited and notes on that page), the rule in Missouri is settled that where a decree of divorce is silent on the subject of the children the liability of the father to support his minor children remains in full common law vigor, though their mother is awarded their custody as here.'' Citing the Meyers case, supra.

The Meyers case, supra, was overruled, only upon the question of future maintenance, in Seely v. Seely, 116 Mo. App. 362, 91 S. W. 979, wherein it was held that as to future maintenance the divorced wife should recover in an action at common law for the money necessarily expended in the maintenance of the child. Touching upon the question of the right to maintain this action we refer to the following cases: Rankin v. Rankin, 83 Mo. App. 335; McClosky v. McClosky, 93 Mo. App. 393, 67 S. W. 669; Lukowski v. Lukowski, 108 Mo. App. 204, 83 S. W. 274; and Keller v. City of St. Louis, 152 Mo. 596, 54 S. W. 438. None of these cases, it is claimed by the defendant, by reason of the particular facts involved, is directly in point upon the question of the method of procedure to enforce the collection of money expended for the maintenance of the child, but all of them, we think, do sustain the proposition that the original liability of the father to support the child is in no manner changed by reason of the divorce and, argumentatively, at least, that a common law action lies for money so expended by the mother. Some of the cases involve decrees of divorce rendered in other States and under such circumstances that no disposition could be made as to the custody of the children or their maintenance.

The defendant contended in the case involving allowance for future maintenance (Robinson v. Robinson, supra) that, there having been no order made relative thereto, there could be no modification of the decree upon that point, and in that contention he was

sustained by the St. Louis Court of Appeals; and he is here now insisting that he could not be required to respond for the maintenance of the child on account of past expenditures except on an application to modify the decree. We shall not, however, rely on defendant's inconsistent position to justify our judgment herein.

It is also contended in his behalf that the tribunal which granted the divorce and awarded the custody of the child is the only one in which any further orders should be made touching the subject-matter of the custody and maintenance of the child, as there all questions concerning the relative situations of the parties can be fully considered and an equitable disposition thereof made. We are of the opinion, however, that if the exigencies of the situation are to be a controlling factor in the determination of this case, that the argument strongly predominates in favor of the plaintiff. The obligation resting exclusively upon the father to maintain the child and the custody having been awarded to the mother, she, under the imperative demands of the situation thus imposed upon her, in using her own money to discharge the obligation of the father in this behalf, unquestionably stands in an attitude calling for much more favorable consideration than would a stranger. Unquestionably if a stranger had discharged this duty for the father, a common law action would have been proper. The child has received the benefits of the expenditure and, therefore, its interest and welfare are entirely eliminated from the case and there is nothing remaining except the question of the civil liability of the defendant to the plaintiff. There is no question involved that was originally an issue in the divorce case. Under the authorities, the decree of divorce being silent as to the maintenance of the child, the primary liability of the defendant remains as before, and if there were any peculiar conditions or circumstances arising which would

justify a modification of the decree on the question of the maintenance, the father, assuming his contention here now to be correct, could have applied to the court having jurisdiction of the divorce proceedings for a modification in this regard; and, if his contentions now made as to his right to have these matters adjusted in that tribunal are well founded, he could have secured a modification of the decree in this regard and relieved himself from further liability. But, he has seen fit to allow the decree to remain as it was and has allowed his wife to maintain and support the child during the time that this obligation rested upon him and to hold that she now has no cause of action to recover on account thereof would, we believe, be virtually ignoring the rule established in this State that the liability to maintain the child continues with the father after a decree in divorce silent on that subject. We are, therefore, of the opinion that this suit was properly held to be maintainable, and that to hold otherwise would be equivalent to authorizing a civil suit for money paid by the plaintiff for the benefit of the defendant to be engrafted on a divorce suit, and also thereby depriving the parties of a right to a trial by a jury.

Appellant urges upon us that the plaintiff should not be allowed to recover because no proof was made, nor issue submitted to the jury, as to any demand made by the plaintiff on the defendant to contribute to the maintenance of the child. The defendant must be held to have known of his obligation to support the child, the custody of which was given to the plaintiff, and that the necessities of the situation would exact of her the payment of these sums for the discharge of a duty that devolved upon the defendant. Under these circumstances no demand was necessary.

The appellant says that this cause should be reversed and remanded because there is no itemized statement of the expenditures claimed to have been made filed with the plaintiff's petition. At the begin-

ning of the introduction of testimony the defendant interposed an objection thereto upon that ground. The plaintiff alleges in her petition that between the date of the divorce and the date of the allowance for future maintenance she had necessarily expended for food, shelter, clothing, medical attention and personal needs of said child the sum of three thousand dollars, the reasonable value thereof. The statute upon which the defendant relies is section 1832, Revised Statutes of 1909, which reads as follows:

"Sec. 1832. Petition on account to contain what.— It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but if they be not set forth, he shall attach to his pleading, referring to it therein, a copy of the account, which shall be a part of the record; but if they be not set forth in or attached to said pleading, he shall be precluded from giving evidence thereof."

It will be observed that this section of the statute provides that it shall not be necessary for a party to set forth in a pleading the *items* of *an account* therein *alleged*. It presupposes that the party has kept an itemized account and that the suit is based thereon, but it does not require the keeping of an account as a condition precedent to the prosecution of an action based upon transactions in which an account was not, but might have been kept, if the creditor had so elected. If the contention of the defendant were adopted as an inflexible rule, then it would be essential that everyone keep an itemized account of his dealings and transactions with another; but such is not the law. We know of no law which requires even a merchant to keep an itemized account but he does it for his own convenience and as a matter of evidence; yet if he fails to do so and can otherwise prove his claim in an action involving his transactions, we think that he could not be defeated merely because he did not keep an itemized account. The testimony in this case did

develop that the plaintiff had a statement covering some of the expenditures made during the first year after her divorce and she also had some check stubs containing notations of checks used in paying out some money for the child's maintenance, but none of the items appear to have been made in such manner as to serve any other purpose than that of refreshing her memory. An incomplete statement appears to have been referred to in an examination of the plaintiff as a witness, but neither it nor any of the memoranda was offered in evidence by either of the parties and, therefore, we conclude that the defendant himself concluded that the plaintiff had kept no itemized *account* thereof. The contention of the defendant that the court erred in admitting testimony over his objection that no itemized account had been filed, is not well taken. The testimony tended strongly to disclose that the plaintiff had expended during the time covered by her petition about $2000 in supporting the child in the manner in which he was being supported during the time that preceded the separation of her and her husband prior to the divorce proceedings and in perfect harmony with the financial condition and standing of herself and the defendant, and yet the jury allowed her only $1500, about $300 per year; so that it is very clear that the defendant has not been damaged in the least by reason of the failure of the plaintiff to submit an itemized statement, and at the trial defendant did not seek to question the reasonableness of the claims. The circuit court, after hearing all of the testimony in the case which was here before (Robinson v. Robinson, supra), allowed the wife $500 per year for the future maintenance of the child.

The judgment is affirmed. *Sturgis* and *Farrington, JJ.*, concur.