LILLIAN ANGEL, RESPONDENT, v. JOHN ANGEL, APPELLANT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—Divorce—Past Support of Child—Recoverable in Independent Action. Divorced mother can recover from father, in independent action, reasonable value of necessities already furnished minor child in her custody.

2.—Same—Future Support of Child—Not Recoverable in Independent Action. Divorced mother cannot, in independent action, recover from father for future support of child in her custody, but relief must be obtained in proceeding under section 1806, 1812, Revised Statutes 1919, such proceeding being a continuation of the original action in divorce.

---

*Corpus Juris-Cyc References: Divorce, 19CJ, p. 353, n. 84, 90.

Appeal from the Circuit Court of New Madrid County.—Hon. H. C. Riley, Judge.

REVERSED AND REMANDED (*with directions.*)

*R. F. Baynes* and *E. F. Sharp* for appellant.

(1) An action at law against a father for the future support of his children cannot be maintained. Worthington v. Worthington, 212 Mo. App. 216; Huke v. Huke, 44 Mo. App. 308; Rawlings v. Rawlings, 121 Miss. 140. (2) Jurisdiction to make any orders concerning the support and maintenance of the children is exclusively vested in the same case in which the divorce was rendered by a motion to modify the decree. R. S. 1919, sec. 1806; Robinson v. Robinson, 268 Mo. 703. (3) We concede that it is the duty of the father to provide for his child, but contend that in this case he has done all that the law requires. He is entitled to some consideration as to how the money is to be spent. (4) We contend that the position taken by the court in overruling defendant's motion to strike out, and later in sus·

taining plaintiff's motion to strike out count three of the answer are inconsistent. The entire trial and judgment show this inconsistency.

*Ward, Reeves & Oliver* for respondent.

(1)   The cases cited by appellant under point 1 are not applicable as they are cases wherein the minor children were suing their father for future maintenance and support, and the court held that such an action could not be maintained by the children.· This is a case where the mother having been awarded the custody of the minor child, is seeking to have the father help support the child, and the primary duty of supporting minor children rests upon the father.   (2)   Whatever has been paid out for the necessary support of a minor child, whether by the mother or other relatives or a stranger, is recoverable in a separate action against the father, but not by way of a motion to modify or change the original decree of divorce.   Auer v. Auer, 193 S. W. 929; Winner v. Schuart, 202 Mo. App. 176; Kinsolving v. Kinsolving, 194 S. W. 530; Bennett v. Robinson, 180 Mo. App. 56. (a) The husband and father remains liable for the support, mainte-nance and education of his minor children, after divorce.   Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393; See also cases cited, supra.

COX, P. J.—This is an action at law by the mother of a minor child to recover from the father of the child from whom she has been divorced the sum of $500 for past support of the child and for an allowance of a stipulated sum for the future support of the child. The court rendered judgment for $250 for past support of the child and made an allowance of $15 per month for future support to be paid each month until otherwise ordered by the court.   Defendant appealed.

Plaintiff and defendant had been husband and wife and of this marriage two children were born, one of which is Virginia Lee Angel, and plaintiff has had the custody of this child since the child was eight or nine years old.   The petition merely alleges the fact of marriage and divorce and that the court in the divorce proceeding awarded the custody of the children to the plaintiff.   It does not al-lege in what court the divorce was secured nor that said court made any order in relation to the support of the children.   It then alleges that it was the duty of the father to maintain and support said minor child, Virginia Lee Angel, and that he had refused to do so and then alleged that she .had been required to expend $500 for that purpose and asked judgment for that sum.   The petition also al-leges that $25 per month is a reasonable and necessary sum for the support and maintenance of said child and asks for judgment for that sum to be paid monthly for the future support of the child.   The

defendant moved to strike out that part of the petition relating to future support. This was overruled. The answer admitted the marriage, the birth of the child and the divorce but denied the other allegations. At the close of the evidence the defendant asked a declaration of law to the effect that plaintiff could not recover in this case for future support of the child. This was refused and exception saved.

The only question involved in this appeal is the right of plaintiff to recover in this form of action for the future support of the child. This is not a proceeding under the statute to secure a review of the decree of divorce for the purpose of securing an order in that case making an allowance for the future support of the child as might have been done in a proceeding under the statute. [See secs. 1806 and 1812, R. S. 1919.] This is a new suit in which the same end is sought to be accomplished that might have been accomplished in a proceeding under the statute in the original divorce case.

The father was primarily liable for the support of his minor child and it is conceded that plaintiff could recover in an independent action the reasonable value of necessaries already furnished the minor and of that fact there can be no doubt. That is as far as the plaintiff could go in this action. To secure provision for future support the plaintiff must proceed under the statute and in the court where the divorce judgment was rendered. Such a proceeding is a continuance of the original action. [Robinson v. Robinson, 268 Mo. 703, 711, 186 S. W. 1032.] That being true, the jurisdiction to determine the matter of future support remains in the court where the decree of divorce was rendered and attaches to the divorce suit and cannot be determined in an independent action. [Worthington v. Worthington, 212 Mo. App. 216, 253 S. W. 443; Wald v. Wald, 168 Mo. App. 377, 151 S. W. 786; Laumeier v. Laumeier, 271 S. W. 481.]

The judgment will be reversed and the cause remanded with direction to set aside the judgment as entered and enter a judgment as of the same date for $250 with no reference to future support. *Bradley*, and *Bailey, JJ.*, concur.