ANNIE KELLY, Appellant, v. E. O. KELLY.—47 S. W. (2d) 762.

Court en Banc, March 15, 1932.

*M. O. Morris* and *D. S. Mayhew* for appellant.

*Neale & Newman* for respondent.

STURGIS, C.—This case comes to this court from the Springfield Court of Appeals by reason of the dissent of one of the judges of that court who deemed the majority opinion in conflict with Rankin

994

v. Rankin, 83 Mo. App. 335, a decision by the St. Louis Court of Appeals, and also in conflict with Laumeier v. Laumeier, 308 Mo. 201, in this court which the majority opinion professed to follow but distinguished. The Court of ·Appeals decision is reported in 11 S. W. (2d) 1107.

The case was tried in the Circuit Court of Lawrence County where judgment went against plaintiff on a demurrer to the petition, and plaintiff appealed to the Springfield Court of Appeals. The plaintiff, Annie Kelly, is the divorced wife of the defendant, E. O. Kelly, and the suit is an independent action to recover the expense incurred by her in the maintenance of their minor children. The petition alleges the marriage and subsequent divorce of plaintiff and defendant, the divorce being granted to this defendant, but with an award to this plaintiff of the care and custody of their two minor children. While the decree of divorce awards the care and custody of the two minor children to the wife, no provision whatever was made for their support, the divorce judgment being silent on that subject. The petition further alleges that after the divorce the plaintiff supported these two minor children out of her own means and by her own labor until they each reached their majority. It is also alleged that in consequence of a similar suit some years ago, but after the divorce, which suit was never tried, the defendant on compromise paid plaintiff for her support of the children for a number of years but refused to pay further. This suit by the divorced wife is, therefore, to recover from the father the necessary expenditures made by the mother in supporting their minor children during a part of their minority.

The trial court sustained a demurrer to the petition as not stating a cause of action, not from the lack of any necessary averment of fact, but because the form of the action is that of an independent suit instead of being by motion in or a proceeding ancillary to the original action for divorce. The trial court ruled that under the provisions of our statutes, Sections 1806 and 1812, Revised Statutes 1919 (now Secs. 1355, 1361, R. S. 1929), a divorced wife and mother, to whom the court in granting the divorce has awarded the custody of minor children of the marriage but has made no provision for their support, cannot later maintain an independent action against the father to recover what she has expended in their support—that her only remedy, if any, is by motion or other appropriate proceeding in or engrafted on the divorce suit in the court granting the divorce. The trial court so ruled on the authority of Laumeier v. Laumeier, 308 Mo. 201, which it construed as holding that the remedy given by such statutes "to make alterations as to allowance of alimony and maintenance" (Sec. 1355, R. S. 1929) or "to review any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children" (Sec. 1361, R.

S. 1929), is exclusive and preclusive of all other remedies touching such matters, and sustained a demurrer to plaintiff's petition because stating an independent cause of action by the divorced mother based on the common law duty of the father to support his minor children and giving third persons who perform such duty, on his neglect and refusal, a right of action against him.

This was the question presented by plaintiff's appeal to the Springfield Court of Appeals in this case and in which the members of that court agreed that the ruling of the trial court was wrong and reversed and remanded the case. The judges of that court all reached this result but by different routes and on different theories as to the law.

A reading of the majority opinion of the Court of Appeals shows that it rules that under the decision of this court in the Laumeier case, supra, plaintiff's present cause of action would not lie except for the fact that at the time it was brought the minor children for whose support plaintiff is suing had attained their majority and were no longer wards of the court granting the divorce, and hence that court's jurisdiction had terminated and it could not award the divorced wife any relief by "alteration" or "review" of the original decree of divorce, as provided by statute; and for this reason the divorced wife would be restored to her common law action, which this case is, to recover on account of the mother having performed the father's duty to support his minor children. We agree that the power of the divorce court to review or make alterations of its orders touching the maintenance of the minor children ceased with such minority, and if authority be needed for so plain a proposition, the cases of Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. (2d) 821, and Conrad v. Conrad, 296 S. W. 196, so hold. [See 19 C. J. 360, sec. 822.] One of the judges, Cox, J., dissented on the ground that if the law is that the statutory remedy by motion in the original case is exclusive and that the divorced wife, to whom the court commits the custody of the minor children, without provision for their support, must seek relief by appealing to the divorce court by motion to alter or review, then the failure to do so while the court is possessed of such power is her fault and misfortune, but would not afford her an entirely different remedy. As said in this dissent, the Laumeier case makes no such exception and none can be properly made. If, therefore, the major premise of the majority opinion is correct, the plaintiff cannot recover and the case should be affirmed.

The dissent, however, on which the case comes here does not agree that the decision in the Laumeier case, 308 Mo. 201, is a binding authority to the effect that a divorced wife to whom the court has awarded the custody of minor children, without any provision for their support, cannot maintain an independent action against the father for *past* support of such children furnished by her after the

divorce, leaving to the divorce court the exclusive power and jurisdiction to provide originally or by later order for any *future* support of such children—this on the theory that such independent suit for reimbursement of expenses already incurred by her does not call for or involve any alteration or review of the court's judgment touching the custody or maintenance of the minor children, under the statutes mentioned. This sequence necessarily follows, we think, from the holding of the majority opinion that such independent suit may be maintained after the power and jurisdiction of the divorce court in this respect has ceased to exist by reason of the wards of the court becoming of full age. The dissenting opinion points out that the Laumeier case, supra, itself deals with a proceeding brought in the court granting the divorce to have that court review and alter the former judgment of divorce so as to provide for the *future* support of a child born after the divorce was granted, and that what was said about the divorced wife not having the right to maintain an independent suit to recover for past expenditures in supporting the child was *obiter* and by way of argument. It is also true that the Springfield Court of Appeals in the case of Gallion v. McIntosh, 8 S. W. (2d) 1076, decided after the opinion in the Laumeier case was rendered, held that such case did not change the law as repeatedly held by all the Courts of Appeals that such independent action by the wife could be maintained. That case distinguished the Laumeier case as applying to actions for the *future* support of minor children and not relating to past support, and in that case all the judges of the Court of Appeals concurred.

The dissenting opinion, quoting from the Gallion case, supra, says: · "As to expenses already incurred for which only a money judgment is asked, we can see no reason why a common-law action might not be maintained in any court of common-law jurisdiction. To our mind, it would appear to be the better way to proceed. If the defendant is liable to the plaintiff, it is because of the fact that he has become indebted to her, and we can see no reason why she could not sue to recover that debt in any court where she could sue to recover any other debt he might owe her."

The Kansas City Court of Appeals, however, in Thornton v. Thornton, 221 Mo. App. 1199, has construed the holding of this court in the Laumeier case, supra, as barring an independent action like this by the divorced wife to recover from the father for support of the minor children committed to her custody. If this view prevails, then the trial court was right in sustaining the demurrer and the judgment here should be affirmed.

The dissenting opinion in the present case also holds that the majority opinion, in holding that the divorced wife to whom the custody of the minor children was awarded could not maintain an

independent suit to recover from the father and husband her expenditures in such support, but must do so by proceeding in the divorce case and court, is in conflict with Rankin v. Rankin, 83 Mo. App. 335. The majority opinion concedes this and gives a list of some twelve cases in the various Courts of Appeals, including the Rankin case, with which it is in conflict. This is justified, however, as is said, by reason of these cases being in conflict with and virtually overruled by Laumeier v. Laumeier, supra.

The case of Rankin v. Rankin, supra, is an opinion by Judge BOND and thoroughly considered this question for the first time in this State. It is there said: ''When the defendant obtained a divorce from plaintiff under a decree making no award of the custody of the children, and left them to the care and nurture of his former wife, his liability for their support and education remained just as it had existed before the obtention of the divorce. . . . The neglect of this statutory duty in no wise relieves him from the charges incurred by others in the necessary maintenance of his offspring. The divorce from his wife, does not divorce him from his children. . . . If a third party had supplied the children of defendant with the necessaries, a recovery might have been had to that extent without proving any further agreement than that implied by law for the fulfillment of the father's duty to the child, hence in this case there was no necessity for alleging or proving that the money furnished by the plaintiff was in accordance with an express agreement with the defendant.''

In this Rankin case, as in a number of others, the husband obtained the divorce in another state, and to hold that the only remedy of the wife is by proceeding in the court granting the divorce would be a practical denial of any relief.

This conflict of opinion and the importance of the question at issue justifies a further investigation of the law on this subject.

There can be no doubt that under statutes like ours giving power to courts in granting divorces to make orders and provisions touching the custody and maintenance of the minor children of the marriage, the courts in granting divorces should, in all cases where it has jurisdiction to do so, make such orders touching such matters as the circumstances of the case demand, keeping in view the welfare of the children as of prime importance and that such children are not parties to or responsible for the separation of the parents and the severance of their married relations. It is recognized, however, that courts often do not and sometimes cannot do this for want of jurisdiction over the children. The parties to the suit, as well as the court, often overlook the innocent children and divorces are granted with reference to only two things, to-wit, divorce and alimony and

may perhaps include the custody of the children. The question of the support and maintenance of the minor children often comes later.

We find that practically all the case law and text writers agree that in case a divorce is granted to the parents and the custody of the minor children is awarded to the wife with no provision made in the decree for their support, the duty and obligation of the husband and father to support his minor children remains as at common law, although he is deprived of their custody. [19 C. J. 354; Biffle v. Pullam, 114 Mo. 50, 54; Keller v. St. Louis, 152 Mo. 496; Bennett v. Robinson, 180 Mo. App. 56; Viertel v. Viertel, 212 Mo. 562, 576; Meyers v. Meyers, 91 Mo. App. 151, 155; Gallion v. McIntosh, 8 S. W. (2d) 1076; Robinson v. Robinson, 268 Mo. 703, 709; Lukowski v. Lukowski, 108 Mo. App. 204, 209; La Rue v. Kempf, 186 Mo. App. 57, 66; Seely v. Seely, 116 Mo. App. 362; Robinson v. Robinson, 168 Mo. App. 639, 644; Winner v. Chucart, 202 Mo. App. 176.]

In Biffle v. Pullam, 114 Mo. 50, 54, this court said: "In case of a divorce in which the custody of the children is awarded to the wife, and provision is not made for their support out of the property of the husband, he still remains liable for their support. [2 Bishop's New Work on Marriage, Divorce & Separation, secs. 1210, 1221, 1222 and 1223.]"

In Winner v. Chucart, 202 Mo. App. 176, 181, an opinion by TRIMBLE, J., this is said: "'According to the weight and reason of authority and the trend of the more recent cases, the view prevails that where a divorce is granted at the suit of the wife, and the custody of the minor children is awarded to her, but no provision is made in the divorce decree for their support, the wife may maintain an action against the husband to recover for expenses incurred by her for their support.' [20 R. C. L. 480.] In our State the *primary* duty of supporting the minor children rests upon the father, and the divorce of the father and mother does not determine that duty, regardless of the fact to which of the parents the custody of the children is assigned. [Cases cited.]

"Nor was the plaintiff required to apply to the court wherein the divorce was granted for a modification of that decree before she could enforce her right to recover. In the first place, the decree was silent as to maintenance. Her demand for necessaries furnished does not contravene any of the terms of that decree."

In 15 A. L. R. 569, there is an extensive annotation appended to the case of Gully v. Gully (Tex.), 231 S. W. 97, saying: "The rule supported by the weight of authority is that a father is not released from his obligation to support or contribute to the support of his infant children by reason of the fact that the mother has been granted an absolute decree of divorce from him, and has been awarded the custody of the children by a decree making no provision for their

maintenance." Cases are cited from twenty-six states and from the federal courts and English courts sustaining this proposition.

The fact that the husband and father has offered and was willing to take the custody of and support the minor child is no defense to the wife's action (La Rue v. Kempf, 186 Mo. App. 57, 66), nor is the fact that the divorce is granted to the husband for the wife's fault, where the custody of the child is awarded to the wife or actually remains with her. [Gallion v. McIntosh, 8 S. W. (2d) 1076; Winner v. Chucart, 202 Mo. App. 176, divorce secured by husband in Illinois; White v. White, 169 Mo. App. 40; 19 C. J. 355.] [See Rowell v. Rowell, 97 Kan. 16, 154 Pac. 243, Ann. Cases, 1918C, 936 and note.]

The only question is as to the procedure available to the divorced wife in enforcing against the husband and father his duty and obligation to support the minor children in cases where the court in granting the divorce makes no provision for the custody of the children and they remain with and are supported by the wife, or awards such custody to the wife without making any provision for the support of the children and she supports them.

The divorce statutes of this State and other states generally (9 R. C. L. 484, sec. 299; 19 C. J. 341) provide that the divorce court shall, when a divorce is granted, make such orders touching the care, custody and maintenance of the minor children as is reasonable, and may, on application of either party, make such alterations thereof as may be proper from time to time (Sec. 1355, R. S. 1929), and may review any order or judgment in that respect (Sec. 1361, R. S. 1929). This statutory remedy inheres in the court granting the divorce and gives it a continuing power and jurisdiction to enforce in favor of the wife the husband's duty to support his minor children. It is now the settled law that this remedy by ancillary procedure in the divorce case and court is available to the divorced wife in all cases, whether the divorce court at the time of granting the decree exercised its power in this respect or not, or exercised it in part only by awarding the custody of the children to the wife but without any provision for their support. [Robinson v. Robinson, 268 Mo. 703, 709; Laumeier v. Laumeier, 308 Mo. 201; Shannon v. Shannon, 97 Mo. App. 119; Robinson v. Robinson, 168 Mo. App. 639, affirmed in 268 Mo. 703; 14 Cyc. 811; 19 C. J. 352, 357, citing Missouri cases, and 359.]

The more ancient remedy, however, and one which exists independent of any statute, is the common law action by which the divorced wife, the same as any other person who has, on the father's neglect or refusal to do so, supported the children, may recover from such father the amount so expended. [9 R. C. L. 485, sec. 301, and 4 Supp. p. 2481, sec. 301; Winner v. Chucart, 202 Mo. App. 176, 182, where it is said that, regardless of other considerations, "where the

decree (of divorce) was silent on the question of maintenance, plaintiff could maintain the present (independent) action, independent of the divorce proceeding, and recover;'' Pretzinger v. Pretzinger, 45 Ohio St. 452; Courtright v. Courtright, 40 Mich. 633; Plaster v. Plaster, 47 Ill. 290; Holt v. Holt, 42 Ark. 493; Thomas v. Thomas 41 Wis. 229; Buckminster v. Buckminster, 38 Vt. 248; Spencer v. Spencer, 97 Minn. 56; Rankin v. Rankin, 83 Mo. App. 335; McCloskey v. McCloskey, 93 Mo. App. 393; Lukowski v. Lukowski, 108 Mo. App. 204, 209; Seely v. Seely, 116 Mo. 362.] Other Missouri cases holding that a divorced wife to whom the custody of minor children is awarded can maintain against the father an independent action to recover for their *past* support by her, are Shannon v. Shannon, 97 Mo. App. 119; Robinson v. Robinson, 168 Mo. App. 639, 644; White v. White, 169 Mo. App. 40; Gallion v. McIntosh, 8 S. W. (2d) 1076; La Rue v. Kempf, 186 Mo. App. 57, 66; Angel v. Angel, 220 Mo. App. 360; Winner v. Chucart, 202 Mo. App. 176, 181.

''Where the duty of support rests upon the father, he may be required to contribute to the support of the children from and after the commencement of an application made for that purpose; and such action may be by motion or supplemental petition in the original proceeding, or *by an independent suit.*'' [19 C. J. 353.]

In case the divorce decree is silent both as to custody and maintenance, ''where the children remained with the mother, she has been held to be entitled to maintain an action against the father for money expended in supporting them.'' [19 C. J. 353.]

Where the decree awards the custody to the wife, but is silent as to support, the husband's liability ''is not limited or controlled by the regulations governing the allowance of alimony to the wife. If, under such circumstances, he refuses or neglects to support them, the mother may recover from him in an original action a reasonable sum for necessaries furnished for their support after such decree.'' [19 C. J. 354.] Many cases are cited, including Robinson v. Robinson, 268 Mo. 703; La Rue v. Kempf, 186 Mo. App. 57; Bennett v. Robinson, 180 Mo. App. 56; Seely v. Seely, 116 Mo. App. 362.

In the case of Meyers v. Meyers, 91 Mo. App. 151, the St. Louis Court of Appeals held that both remedies or methods of procedure were available to the wife, saying: ''It will be observed that the decree awarded the custody of the minor children to plaintiff, but nothing was said about their maintenance; nothing was allowed to the mother or to them for their future maintenance. . . . In Penningroth v. Penningroth, 71 Mo. App. 438, this court held a father liable to his wife for the support of his child when he permitted it to remain with its mother after separation; and in Rankin v. Rankin, 83 Mo. App. 335, it was held by this court that . . . the divorced wife, with whom the children had been left and who had main-

tained them, *might recover of the father the moneys so expended by her.*

"It has been held in a number of cases that . . . the mother may, at a subsequent term, on petition or motion, obtain an order of the court compelling the father to provide her with means for the *future* support of the children. (Citing cases.) In most, if not in all, of the States where these decisions were rendered, the statutes concerning divorce authorized the court at any time after the final decree of divorce to vary or modify the order touching alimony of the wife and the maintenance of the children of the marriage."

As that was an *independent* action for *future* support, the relief was denied "with leave to plaintiff, if so advised, to file a proper application for an order for an allowance for the future maintenance of the remaining minor children."

Later, the same Court of Appeals, construing strictly the divorce statutes mentioned giving the divorce court continuing power and jurisdiction to alter and review its orders touching alimony and support of minor children, held that where the divorce court failed, in the first instance, to make *any* provision for the maintenance of the minor children, there was nothing to alter or review in any subsequent proceedings in that case and court, and that consequently any subsequent relief to the wife must be by independent action and not by motion or other procedure in the divorce case. Lukowski v. Lukowski, 108 Mo. App. 204; Seely v. Seely, 116 Mo. App. 362, and in which it is said: "In Lukowski v. Lukowski, 108 Mo. App. 204, . . . the same question brought up by this appeal was before us for decision, and we held that where a decree of divorce is in favor of the wife and an allowance of alimony is made and the custody of minor children is awarded to her, and the decree is silent as to the future maintenance of the children, there is no order or judgment in behalf of the children that can be reviewed under section 2932, Revised Statutes 1899 (now Sec. 1361, R. S. 1929), and held, that, in such circumstances, the wife may recover of the father of the children, *in an ordinary action at law*, the money she has necessarily expended for their maintenance or if he be dead procure an allowance of such sum against his estate. We adhere to this ruling and disapprove what is said to the contrary in Mayers v. Mayers, 91 Mo. App. 151."

It will thus be seen that the St. Louis Court of Appeals was holding that in cases where the divorce decree was silent as to the support and maintenance of the minor children, the *only* remedy available to the wife was by an *independent suit* for their past support. This ruling, however, was disapproved by this court in the case of Robinson v. Robinson, 268 Mo. 703, 711.

This leads us to observe that this question was thoroughly considered in the litigation arising from the Robinson divorce wherein the original decree granted a divorce to the wife with award of alimony and the custody of the minor child to her, but was silent on the question of the child's support.

In Bennett v. Robinson, 180 Mo. App. 56, the record shows that some years after the divorce was granted, the wife, having remarried, brought an independent action against her husband for the past support of his minor child which had been awarded to her without any provision for its support. In that case the defendant contended that the only remedy available to the wife was a motion in the divorce case to modify the decree. This contention was overruled on a consideration of the Missouri cases. The court then noted that the father, equally with the mother, was privileged to proceed by motion or otherwise to have the decree of divorce altered or reviewed in this respect, and then added: "But, he has seen fit to allow the decree to remain as it was and has allowed his wife to maintain and support the child during the time that this obligation rested upon him, and to hold that she now has no cause of action to recover on account thereof would, we believe, be virtually ignoring the rule established in this State that the liability to maintain the child continues with the father after a decree in divorce silent on that subject. We are, therefore, of the opinion that this suit was properly held to be maintainable, and that to hold otherwise would be equivalent to authorizing a civil suit for money paid by the plaintiff for the benefit of the defendant to be engrafted on a divorce suit, and also thereby depriving the parties of a right to a trial by a jury."

Practically at the same time that the divorced wife of Robinson sued him at law for the past support of their minor child awarded to her in the divorce decree, which action was sustained by the Court of Appeals, supra, she also filed in the court granting the divorce, and as ancillary to the divorce case, a motion to have the court so modify the divorce decree as to require the husband to pay to the wife a monthly sum sufficient for the future support and education of their minor child awarded to her. This case also reached the Court of Appeals (Robinson v. Robinson, 168 Mo. App. 639), where this procedure by motion was sustained. The defendant husband contended that an independent action at law was the only available remedy to the wife, and relied on the Lukowski and Seely cases, supra, as so holding, which they did. The Kansas City Court of Appeals had held, however, in Shannon v. Shannon, 97 Mo. App. 119, that the statutory remedy by motion in the original case was available to the divorced wife under similar facts (the divorce decree being silent as to the question of support). This led to the case being certified here (Robinson v. Robinson, 268 Mo. 703). The Court of

Appeals in considering the two methods of procedure said: "All the decisions in this State on this question hold that the statutes above referred to are merely *cumulative of the common law;* that the granting of this mode of procedure to procure maintenance of the child does not take away from the father the common law duty and obligation to maintain and provide for the child, nor take away from the custodian of the child or any other person furnishing the child with necessaries the right to sue the father for reimbursement." This is a clear holding that both remedies are available to the wife under proper circumstances and neither is exclusive.

And when this case reached this court (Robinson v. Robinson, 268 Mo. 703), it clearly upheld, we think, the right of the wife to avail herself of either or both remedies under proper facts. The precise point at issue was the power of the divorce court to modify at a later term a decree of divorce entirely silent on the question of maintenance of the children, and the court held that the statutes in question were broad enough to confer such power as the decree awarding custody of the children to the wife at least "touched" the question of maintenance, overruling the Lukowski and Seely cases, supra, by the St. Louis Court of Appeals on the point that the common law action was exclusive. As to this, this court said: "This rule of law must be borne in mind, however, that regardless of divorce proceedings, when both parents are living the primary liability for the support of a minor child is, in this State, as it was at common law, upon the father. [Viertel v. Viertel, 212 Mo. 1. c. 576; Keller v. St. Louis, 152 Mo. 1. c. 599.] Cases illustrating the enforcement of this liability are far *more frequent as a sequel to divorce proceedings* than as *independent actions.*" This court then refers to the fact that the Court of Appeals had affirmed the case at law between the same parties for past support and used it as a criterion in fixing the amount to be awarded on the motion for the future support.

It will be noticed that in a number of cases already cited it is pointed out that the two remedies given to the divorced wife to enforce against the father his obligation to support his minor children cover different fields or periods of time. The remedy by proceeding in the divorce case and court by motion or otherwise looks to the *future* support of the child, while the common law independent action deals with the support already furnished and to recover for expenses already incurred. The two remedies are coterminus rather than concurrent and the one begins where the other ends. It is not a choice between remedies but a use of the remedy suitable to the facts. From the very nature of the remedy, an independent common law action is confined to a recovery of support and maintenance already furnished by the divorced wife and cannot be used to provide support for the future.

In Auer v. Auer, 193 S. W. 926, 929, on a motion to modify the decree, the court said: "Whatever has been paid out for the necessary support of the minor child, whether by the mother or other relative or a stranger, is recoverable in a *separate action against the father*, but not by way of a motion to modify or change the original decree of divorce. The court properly refused to make plaintiff an allowance for the past expenditures."

In Gallion v. McIntosh, 8 S. W. (2d) 1076, an action at law for past support, the court said: "The trial court held that she could maintain this suit to recover for necessaries furnished in the past, but refused to make any order touching future maintenance. The court evidently held that, as to the future support of the child, she must proceed under the statute for a modification of the divorce judgment. In that we think the court was clearly right. . . .

"When the father neglects to support the child, and it is supported by its divorced mother, it has often been held in this State that she may sustain a common-law action against the father to recover the value of the necessaries furnished. (Cases cited.)"

And so the remedy by motion for alteration or review of the original decree in and by the divorce court can only operate and afford relief for the future. The altered or modified decree cannot be retroactive. [19 C. J. 359.] If either remedy is denied under all conditions, complete justice cannot be accomplished.

In Angel v. Angel, 220 Mo. App. 360, 362, an action at law for past support, the court said: "It is conceded that plaintiff could recover in an independent action the reasonable value of necessaries already furnished the minor and of that fact there can be no doubt. That is as far as the plaintiff could go in this action. To secure provision for future support the plaintiff must proceed under the statute and in the court where the divorce judgment was rendered. Such a proceeding is a continuance of the original action. [Robinson v. Robinson, 268 Mo. 703, 711.] That being true, the jurisdiction to determine the matter of future support remains in the court where the decree of divorce was rendered and attaches to the divorce suit and cannot be determined in an independent action. [Worthington v. Worthington, 212 Mo. App. 216; Wald v. Wald, 168 Mo. App. 377; Laumeier v. Laumeier, 308 Mo. 201, 271 S. W. 481.]"

This phase of this matter is in accordance with the court's ruling that as to the *past* support of the minor children committed to the mother by the court, and which is in the nature of a debt to her from the husband, the wife and husband may make a compromise or contract which is binding on the wife in any action at law to recover for such past support. [La Rue v. Kempf, 186 Mo. App. 57, 67.] But as to the future support of the minor children, which can be taken care of only by a proceeding to modify the divorce decree, and

which has regard for the welfare of the children only, neither the mother nor father, nor both combined, have any power by contract or agreement to control the court's action. Kershner v. Kershner, 202 Mo. App. 238, 241, where this is said: "While this proceeding (by motion) is in the name of the wife, it is not in her behalf. No property rights as between her and defendant are involved. It is, in reality, in the interest of the children for whom she speaks as their guardian. . . . It will be seen that this is no more than plaintiff's personal agreement; and as such, it cannot be allowed to dispose of the right of the children for subsistence from the father. Infant children, in want, cannot be put off by the father by the claim that he contracted with another for their support, and that that other has breached the contract. This is aptly illustrated in Wier v. Marley, 99 Mo. 484, 495, 496; Ex Parte Scarritt, 76 Mo. 565 . . . State ex rel. v. Ellison, 271 Mo. 416."

It is obvious also that the remedy for maintenance of minor children in divorce cases is different in this respect from the remedy relating to *custody* since the latter in all cases relates to the future. All proceedings relating to custody of the minor children of divorced parents looks to the future and can have nothing to do with the past support. Consequently, when the courts have held that proceedings relating to the custody of minor children, where the parents are divorced, must be by motion or ancillary proceeding in the divorce case and in the court granting the divorce, this is merely classing the procedure as one looking to the future, and, like proceedings looking to the future maintenance of the minor children, must be had in the case and in the court which granted the divorce. Cases such as Cole v. Cole, 89 Mo. App. 228; In re Myrtle Kohl, 82 Mo. App. 442; State ex rel. v. Porterfield, 211 Mo. App. 499, 244 S. W. 966, cited in the Laumeier case, which relate to the custody of minor children of divorced parents and hold that no court other than the divorce court can entertain an action affecting such custody, merely follow the rule that the court granting the divorce alone has power to alter or review its decree touching the future custody and maintenance of the minor children, and are not in point on the question of the right of the divorced wife to maintain a common law action against her former husband to recover for the *past* support of the minor children, as to which the divorce decree is silent. Such latter suit does not call for or involve any alteration or review of such divorce decree but proceeds independent of it.

The case of Laumeier v. Laumeier, 308 Mo. 201, was a proceeding by motion to have the divorce court review and alter its decree of divorce so as to provide for the maintenance of a child born after the divorce, and necessarily looked to the future, and such case overlooked, as it did not need to consider, the distinction between the

two kinds of procedure. The right of the divorced wife to maintain an independent action against the husband and father of the minor child, as to which the decree of divorce was silent, to reimburse her for expenses already incurred by her for such support in the past, was not before this court except incidentally and by way· of argument. The Missouri court granting the divorce was asked to enjoin the prosecution of any such action which it was alleged had been commenced and was pending in the courts of New York, but this court declined to do so for want of enforceable jurisdiction, and this incident gave rise to the discussion of the exclusive jurisdiction of the court granting the divorce as to matters of custody and maintenance. And when this opinion said that, ''whenever the effect of our statute is taken into consideration, the courts of this State have held that the jurisdiction *to make orders* affecting the custody or maintenance of children of the divorced parents remains in the divorce court, and in this State an action will not lie in any other court,'' if it meant to include the maintenance of an independent action by the divorced wife to recover for support of the children already furnished by her, as the next following sentence implies, then the court was in error, as our statutes on this subject were fully considered and discussed in the following and perhaps other cases holding that such action is maintainable in the courts of this State. [Meyers v. Meyers, 91 Mo. App. 151, 156; Robinson v. Robinson, 168 Mo. App. 639, 643; Seely v. Seely, 116 Mo. App. 362; Lukowski v. Lukowski, 108 Mo. App. 204; Gallion v. McIntosh, 8 S. W. (2d) 1076; Angel v. Angel, 220 Mo. App. 360; La Rue v. Kempf, 186 Mo. App. 57; Auer v. Auer, 193 S. W. 926.]

It is also worthy of note that the case referred to by this court in Laumeier v. Laumeier, supra, as pending in the State of New York between the same parties, was pending there and finally reached the highest court of that state (Laumeier v. Laumeier, 237 N. Y. 357, 143 N. E. 219, 32 A. L. R. 654). That was an independent common law action by the divorced wife against the husband for the recovery of money expended necessarily for the support of their minor child after the divorce was granted with no provision made for its support. In its opinion that court said: ''This child has rights which the courts have not disposed of or passed upon. This action brought by the wife is not brought to recover any money for herself; it is brought to recover money spent upon the maintenance and support and education of the child. It is really brought for the benefit of and in behalf of the child. . . . A wife who has applied her separate estate to the purpose of an obligation resting primarily upon her husband may now recover from him the reasonable amounts which she has thus expended out other separate estate in discharge of his obligation.

"This is the nature of the action which the plaintiff here seeks to maintain. *She is not looking for relief in the future.* She is asking from the father the moneys which she has expended out of her own estate for the support, maintenance and education of his child. If a stranger could maintain such an action, why cannot she? This law also finds support in the State of Missouri and other jurisdictions. Bennett v. Robinson, 180 Mo. App. 56, held that where a decree of divorce is silent on the subject of children, the liability of the father to support his minor children remains in full common-law vigor, though their mother is awarded their custody. [See, also, Robinson v. Robinson, 268 Mo. 703. . . .]" A large number of cases are cited from other jurisdictions, and then the court added: "It is said that the Missouri courts have jurisdiction to modify their decrees so as to provide for the changed condition of the parties or to provide for after-born children, and the authorities cited sustain the statement. . . . Nothing, I take it, that the Missouri courts might do could constitutionally wipe out an obligation existing in favor of a stranger and against the father for the support of his child. Such obligation also exists in favor of the wife when she has incurred the expense which he should have met." So far, therefore, as the case of Laumeier v. Laumeier, 308 Mo. 201, may be understood to prevent the maintenance of this and similar actions, it should not be followed.

The result is that the judgment of the circuit court is reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of STURGIS, C., in Division One, is adopted as the opinion of the Court en Banc, all of the judges concurring.