**HULL v. HULL.**

Civil Action No. 7025.

District Court of the United States for the District of Columbia.

May 5, 1942.

Donohue, Kaufmann & Kronheim, **of** Washington, D. C., for plaintiff.

H. L. McCormick, of Washington, D. C., for defendant.

ADKINS, Justice.

In December, 1929, plaintiff obtained a Massachusetts decree nisi of divorce against defendant, her husband; the decree awarded her the custody of their two children but said nothing about maintenance. An amended decree nisi in January, 1930, awarded $25 per week for the support of the children. Personal service was not obtained on defendant in that suit. In due course the decree became final.

In May, 1934, the parties voluntarily entered into an agreement under seal by which defendant agreed to make certain payments for support of the children and there was an oral modification of this agreement in the fall of 1936.

Somewhere near this time the son, having reached the age of fourteen years, elected to live with his father, and has since done so. In 1941 the daughter entered a state hospital in Massachusetts where her expenses are paid by the state.

The second amended complaint seeks to recover a balance claimed to be due under the express contract as modified and also under the common law liability for the support of the children. Motion to dismiss is filed.

 I cannot agree with the contention of defendant's counsel that defendant was released of his liability for the support of his children by the decree awarding their custody to his wife. Clearly the Massachusetts Court did what it could to avoid such a result.

The weight of authority is against the contention, and the majority rule has been adopted in this jurisdiction in Wedderburn v. Wedderburn, 46 App.D.C. 149; See also Alvey v. Hartwig, 106 Md. 254, 261, 67 A. 132, 11 L.R.A.,N.S., 678, 14 Ann.Cas. 250;

approved in Boggs v. Boggs, 138 Md. 422, 114 A. 474, 477, annotation Kelly v. Kelly, 329 Mo. 992, 47 S.W.2d 762, 81 A.L.R. 875.

Defendant's common law liability was sufficient consideration for his express contract to support his children. See Dunbar v. Dunbar, 190 U.S. 340, 351, 23 S.Ct. 757, 47 L.Ed. 1084.

The defense of limitations can best be disposed of at the trial.